# DESHA, SHEPPARD & CO. v. STEWART.

1. When a bill is drawn on a firm by the name of D. S. & Co., and the suit is in the name of three persons as partners, using the same firm name of D. S. & Co., the bill only being in evidence will not warrant the conclusion, when the evidence is demurred to, of the identity of the plaintiffs as the drawees of the bill.

2. The drawees of a bill who refuse to accept it, may sue upon it after being dishonored. Until acceptance, they are strangers to the bill, and may acquire rights to it, and stand in the same condition as any other holder. The legal presumption arising from the possession of the bill by the drawee before its maturity, or after its dishonor, is, that a consideration has been paid by him to some other lawful holder, but this presumption may be rebutted by shewing that he took up the bill as drawee, or obtained it from the drawer.

WRIT of error to the County Court of Dallas.

Assumpsit by three persons, describing themselves in the declaration as partners using the name of Desha, Sheppard & Co., as endorsees of a bill of exchange drawn by Stewart, in favor of one Harrison, on certain persons as Desha, Sheppard & Co.— There is no averment in the declaration that the plaintiffs are the same firm on which the bill is drawn, and there are counts upon it as dishonored for non-acceptance and non-payment. In both counts the bill is described as indorsed previous to its dishonor.

At the trial, the bill was produced with the protests for non-acceptance and non-payment, each containing the notary's certificate that notice of the dishonor was sent by mail to the defendant addressed to him at Athens, Dallas county, Ala.

This was all the evidence; and the defendant having demurred to it, the court gave judgment for the defendant. This is now assigned as error.

EDWARDS, for the plaintiff in error, insisted—

1. That it could not be judicially known that the plaintiffs and the drawees of the bill were the same persons; and unless such is the fact, there is no pretence of defence.

2. Assuming them to be the same persons, there is nothing which precludes them from maintaining the action.

EVANS, *contra*, argued—

1. That the legal presumption arising from the fact of the drawees having the bill in their possession, is, that they have complied with the requisition of the drawer. The possession of an acceptor has this effect, and he can maintain no action on the bill. [Anderson v. Anderson, 4 Dana, 352; Petty v. Milne, 16 Wend. 553; Chitty on Bills, 648; Steph. Ni. Pr. 1550; 12 S. & R. 32; 9 S. & R. 385.]

GOLDTHWAITE, J.—1. The judgment on the evidence demurred to ought to have been given for the plaintiffs, independent of the main question argued here; because there is no evidence from which it can be legally inferred that the plaintiffs were the same identical parties on whom the bill was drawn.— This would not be the inference if a demurrer had been interposed to the declaration, where the legal question would have been precisely what it now is.

2. As the question raised and argued here is one which will return upon us immediately in another aspect of the case, we shall proceed to consider it. It is contended by the defendants, that the drawees of a bill cannot become the holders so as to enable them to maintain an action upon it against the drawer or indorsers. We shall consider the proposition with the qualification that the bill comes into their hands previous to its dishonor. The counsel of both parties admit their inability to find any adjudicated cases which bear directly upon the question, and our examination of the books has not been more successful.

In principle, however, the case presented, seems to be strikingly analogous to that which governs the acceptance or payment of a bill *supra protest*. A drawee may refuse to recognize the right of the drawer to consider him as his debtor by drawing the bill, and afterwards, *supra protest*, accept it for the honor of any one or of all the parties.

The rule is stated by Mr. Chitty, that the drawee may thus accept the bill; but he cites no authority but Beawes' Lex Mercatoria, unless Pardessus [407] is to be so considered, where he states the French law to be, that the drawee cannot so accept; though he may *declare* that he accepts only to oblige the drawer, and not admitting that he is his debtor. It is also said by Beawes, that when one has accepted a bill without having funds of the drawee in his hanks, and no provision has been made by him for payment, the acceptor may suffer the bill to be protested, and then pay *supra protest;* in which case, he will have a remedy *on the bill* against the drawer. [Lex Mercatoria, 52; Chitty on Bills, 542.] However questionable this latter proposition may be, it is, perhaps, persuasive, as the opinion of a very exact commercial law writer, to show the general favor with which the commercial law regards the rights of those who intervene to protect a bill from dishonor. All the authorities are in like manner persuasive to show that there is nothing in the commercial code which prevents the drawee, who refuses to accept, from afterwards becoming the holder of the bill by paying value for it; or which prevents him from having an action directly upon it when he does so. [Chitty on Bills, 543, 382.] At first, we were inclined to think that if a drawee comes into possession of a bill previous to its dishonor, the legal presumption is, that he takes it with the obligation to accept; but further reflection has

satisfied us, that no such presumption arises. When the drawee takes a bill from an indorser, he pays a consideration for it; and if there is no contract or engagement to accept it, there is no reason why, after its dishonor, he should not have the same remedy as any other holder. Until he has accepted the bill, he is as much a stranger to it as any other person.

We think, then, that whether in this case, Desha, Sheppard & Co. became the indorsees of the bill before or after its protest, they stand in the same condition as any other holder.

It has been urged, that this is a pretext to receive interest and damages on a bill, when, if accepted and paid, no such consequences would result. We do not doubt that it is entirely competent to the defendant in this case, to show that he placed the bill in their hands under the expectation that it would be accepted and paid to payee, or that it was actually paid by the drawee as such; and that on such proof, no action could be maintained on the bill. The only ground upon which they can be entitled to maintain an action on the bill, is, that a consideration has been paid by them to some other person for it, or by some other person to the drawer or indorser. Such is the presumption arising from the possession of the bill duly dishonored; and that must prevail until rebutted by proof.

This conclusion disposes of the case, and shows that there is error in the judgment upon the evidence demurred to.

Judgment reversed, and remanded.