## STEWART v. DESHA, SHEPPARD & Co.

1. A deputy clerk, in the absence of the principal, may do any act he could do if present. His appointment need not be in writing.
2. H. being indebted to D. & Co., procured S. who was indebted to him, to draw a bill in his favor, on D. & Co., which he indorsed to them, and which they received in payment of the debt of H.—Held, that S. was not entitled to notice of the dishonor of the bill, [no funds being provided for its payment.]

Writ of Error to the Circuit Court of Dallas.

Assumpsit by the defendants in error, as indorsers of a bill of exchange, drawn by the plaintiff in error. The declaration contains counts for the non-acceptance, and non-payment, and alledges notice.

The defendant pleaded non-assumpsit, payment, and set off.

Upon the trial, as we learn from a bill of exceptions, the plaintiff proposed to read a deposition taken on the authority of an affidavit, made before one Outlaw as deputy clerk—the name of the principal clerk no where appearing. It was proved by the clerk, that the deputy had been appointed by him, and qualified as such before a justice of the peace. The

defendant moved the court to reject the deposition for this cause, but the court refused, and the defendant excepted. The plaintiff read the bill of exchange, and protest of the notary—and also the deposition of one Van Kleek—who testified that one William S. Harrison was indebted to the house of Desha, Sheppard & Co. a balance on account, and for which balance Desha, Sheppard & Co. received the draft in suit, in part payment. The draft was received in this shape, in preference to taking Stewart's note, so as to enable the holders to negotiate the same, if they wished to do so. The draft has not been paid. The house of Desha, Sheppard & Co. never had any trasactions with Stewart, prior to, or since the date of this draft, nor has Stewart since the date of the draft, put the plaintiff in funds, by shipment of cotton or otherwise.

The court charged, that the notice proved to have been given, was insufficient, and the question being, whether any notice was necessary under the facts of the case, the defendant requested the court to instruct the jury, that if the defendant was only an accommodation indorser, and if proper notice had not been given him, he was not liable in this action, though he had no effects in the hands of the drawees, who are also the plaintiffs. This charge the court refused, and qualified it thus, that if the bill was drawn by the defendant for the accommodation of Harrison, he was not to be regarded as an accommodation drawer, if there was a consideration between Harrison and the plaintiffs.

2. Further, that if the bill was drawn for the accommodation of Harrison, and on account of his debt to the plaintiffs, and he had not legal notice of the protest, he was not liable.

3. That if they believed from the evidence, that the bill was drawn on account of a debt due from Harrison to the plaintiffs; and was in the form of a bill, rather than that of a promissory note, for the purpose of more easy negotiation, and was so understood, and intended by all the parties, still the defendant was entitled to notice of its dishonor.

4. That if the defendant was induced to draw this bill on account of Harrison's debt to plaintiffs, though they may have been ignorant of this fact, it was notwithstanding ne-

cessary to give him notice of its dishonor, and that the burden of proving notice unnecessary, devolved on the plaintiffs.

5. That if the bill was drawn and passed to the plaintiffs, for the debt of Harrison, and there was no evidence of any other consideration, or of the defendant having received any, he was entitled to notice of protest, and if not given, was not liable.

These charges the court refused to give, and charged the jury, that if the drawer had no funds in the hands of the drawees, at the time of the protest, he was not entitled to notice, unless he was an accommodation drawer. That if the defendant drew the bill for the purpose of paying a debt due from Harrison, the payee, to the plaintiffs, he was not an accommodation drawer. That if a good consideration passed from the plaintiffs to the payee, he was not an accommodation drawer. That if the defendant resists a recovery upon the ground, that he was an accommodation drawer, it was incumbent on him to prove it. That in the absence of all proof, the law presumes, that when a bill is drawn, it is drawn upon consideration, and if the fact is otherwise, he must prove it. That when no notice is given of the non-acceptance, or non-payment of a bill, and it is protested, it devolves upon the plaintiff to show, by proof, that the drawer was not entitled to notice. To the charges given, and to those refused, the defendant excepted, and now assigns for error.

BOLLING, for plaintiff in error.

An accommodation drawer is a security, and entitled to notice, although he had no funds in the hands of the drawee. [Sherrod v. Rhodes, 5 Ala. R. 683.]

See further, to sustain the general assignments of errors, Sherrod v. Rhodes, *supra;* Shirley v. Fellows, Wadsworth & Co. 9 Porter, 300 ; Ford v. Womack, use, &c· 2 Ala. R. 368 ; Commercial Bank of Albany v. Hughes, 17 Wend. 94.]

The deposition of the witness, Van Kleek, should have been rejected.

EDWARDS, contra.

1. The deputy clerk could properly administer the oath.

The act authorized it, and in certifying that the oath had been taken, he must necessarily certify that the oath was taken before him, as he, and not the principal clerk administered it. Any different statement would not be conformable to the truth. The usual form of an affidavit shows this is correct. [Clay's Dig. 146, § 19.]

2. The charges asked and given in respect to the law in cases of accommodation drawers, are all upon an abstract assumption, that this was an accommodation bill. Whereas the only evidence in the case, Van Kleek's testimony and the bill itself, showed the contrary. If it had been an accommodation bill, the onus was on them to prove it, but not only did they not attempt to *prove* it, but we proved quite the reverse. The charges asked then, were not applicable to the *proof*, and the charges given were liable to no objection, but from us. They were calculated to mislead the jury to our prejudice only, by inducing them to believe there was some evidence that the bill was an accommodation one.

3. But even if Van Kleek's evidence should be held to have proved that there was no consideration between the' drawer and the plaintiffs, still this cannot be considered an accommodation bill, for as between the different plaintiffs and the payee, there was a consideration of indebtedness, and as between the drawer and the payee, the bill imported a consideration of itself, which there was no evidence to contradict.

ORMOND, J.—There is nothing in the objection to the affidavit made to the deputy clerk in order to obtain the order for a deposition. The statute, (Clay's Dig. 146, § 19,) gives the deputy " power and authority to transact all business in the absence of the principal, which the principal could do were he present, and performed the same himself," he is therefore, in the absence of the clerk, substituted for him, and it is certainly proper that when he acts, it should appear it was done before him as deputy. It is not necessary his appointment should be in writing.

This case has previously been before this court, Desha, Sheppard & Co. v. Stewart, 6 Ala. 852, where it was held, that although they were drawees of the bill, they might un-

der certain circumstances, having refused to accept it, sue upon it as indorsers, after its dishonor.

The only questions now presented by the record, grow out of the omission of the plaintiffs to notify the defendant of the dishonor of the bill.

A drawer, who has no funds in the hands of the drawee, is not entitled to notice of the dishonor of a bill, because he cannot be prejudiced by want of notice; but it is insisted that this bill was drawn by Stewart, for the accommodation of Harrison, and he was therefore entitled to notice of its dishonor.

It has been held by a very eminent judge, that although no consideration passes between the payee and drawer of a bill of exchange, it is not to be considered as an accommodation bill, as to the latter, if there was a consideration between the payee and acceptor. [Scott and others v. Lifford, 1 Camp. 247.] The facts of that case were, that one Agar, having an acceptance due to the plaintiffs, begged to have it renewed, which they agreed to, if the defendant would draw a bill upon him for the amount, which he should accept. A bill was accordingly drawn by Lifford, payable to Scott and others, and accepted by Agar. The payee having brought suit on the bill, against Lifford, the drawer, Lord Ellenborough held, the bill was not to be considered as an accommodation bill, there having been a consideration, as between the payees and the acceptor.

The facts of that case, and the principle to be extracted from it, are strikingly analagous to this. Harrison, to pay a debt he owes the plaintiffs, procures Stewart to draw this bill in his favor on the plaintiffs, which it appears he then indorses, and delivered up to them. They occupy in this transaction, the same attitude Scott & Co. did in the case cited. The design of the transaction was, to pay their debt due from Harrison, and if the bill had been drawn on Harrison, payable to the plaintiffs, the case would have been identical with the one at bar.

But in our opinion, the inference from the facts in proof, is, that Stewart was indebted to Harrison, and by drawing

the bill, undertook to pay the money he owed Harrison, to the plaintiffs. No other construction can be put upon the testimony, considered in reference to the purpose the parties had in view, the payment of the debt of Harrison to the plaintiffs, and the willingness of Stewart to execute his note for the payment of the money at the time the bill was drawn. If the fact was not so, and Stewart was merely lending his name to Harrison, he should have proved it. From this view it results, that it was his duty to provide the funds for the payment of the bill, and not having done so, he cannot be prejudiced for want of notice of the dishonor of the bill, that being a fact of which he must have been cognizant:

Let the judgment be affirmed.