# Joseph v. Cawthorn.

*Action commenced by Attachment.*

1. *Official oath of deputy-clerk.*—Under the general statute (Code, § 676), deputy-clerks are required to take an official oath; and the special statute "regulating the holding of the Circuit Courts of Barbour county" (Sess. Acts 1878-9, pp. 106-09), authorizing the appointment of a deputy by the circuit clerk, does not dispense with the necessity of a compliance with this provision by such deputy.

2. *Attachment issued by deputy-clerk, who has not taken official oath.* An attachment, issued by a deputy-clerk who is performing the duties of the office under appointment by his principal, is not voidable, nor subject to be abated on plea, because he has never taken the official

[Joseph v. Cawthorn.]

oath prescribed by law; his official acts, like those of any other officer *de facto*, having the same force and effect, so far as the public and third persons are concerned, as the acts of an officer *de jure*.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. H. D. CLAYTON.

This action was brought by M. Joseph, against T. P. Cawthorn, and was commenced by original attachment, which purported to be issued by Henry Bradley, clerk of said Circuit Court, on the 24th October, 1882, and to be founded on an affidavit made before him by the plaintiff's agent. The defendant craved oyer of the attachment and affidavit, and pleaded in abatement, "that the said affidavit was not administered by the said Henry Bradley, the clerk of said court, nor was the *jurat* thereto signed by him, but one B. James administered said affidavit, and signed said *jurat*, without the presence of said clerk, and without special authority for so doing; that said clerk did not issue said writ of attachment, but the same was issued by one B. James, without the presence of said clerk, and without special authority for so doing. And defendant avers, that said B. James was not the legal deputy of the said clerk, and had no authority of law to administer such affidavit, nor to issue said writ of attachment; that said attachment was issued by said James without lawful authority for so doing, and that he was not qualified to issue said attachment." Issue being joined on this plea, it was proved, as the bill of exceptions shows, that said Henry Bradley, the clerk of said court, resided at Clayton in said county, and there kept an office; that he also kept an office at Eufaula, as authorized by the special statute approved February 12th, 1879, entitled "An act to regulate the holding of the Circuit Courts of Barbour county;" that said B. James was appointed and employed by him, under the provisions of this act, to attend to the duties of the office at Eufaula, and "was authorized by him to have and exercise all his powers and duties as clerk in said office; that said appointment was given and accepted verbally, and said James never took an oath of office, nor entered into bond under said appointment; that said affidavit was administered by him, said attachment bond approved, and said writ of attachment issued by him, while performing the duties of said office under said appointment; and that said acts were not performed in the presence of said Bradley, nor did he know of such acts until after they were performed."

The said special statute, which was read in evidence by the plaintiff, provides for holding terms of the Circuit Court at both Clayton and Eufaula, and contains the following provisions in reference to the clerk: *Sec.* 3. "The clerk of said court

[Joseph v. Cawthorn.]

shall keep an office at the court-house in Clayton, and another office in said city of Eufaula; and the records, docket and papers of causes to be heard in Eufaula shall be kept in his office there, and the records, docket and papers of causes to be heard at Clayton shall be kept in his office there; and said clerk may reside either in Clayton or Eufaula, but shall have a competent assistant at the place where he does not attend in person; and both offices shall be kept open for the transaction of business, as is required by law of clerks of the Circuit Courts." *Sec.* 9. " The person employed by the clerk of the Circuit Court to keep an office at Clayton or Eufaula shall, in the name of such clerk, have and exercise all the powers now or hereafter vested in the clerks of the Circuit Courts in this State; and the clerk of the Circuit Court shall be responsible for all the acts, defaults, and omissions of such person so appointed his deputy, and may require a bond of such person, in the same amount as he is required to give as such clerk, and conditioned as his bond as such clerk."—Sess. Acts 1878–9, pp. 106–09.

This being all the evidence, the court charged the jury, that they must find for the defendant, if they believed the evidence; and this charge, to which the plaintiff excepted, is now assigned as error by him.

ROQUEMORE & SHORTER, for appellant.—The clerk had power, under the general law, to appoint a deputy, who could exercise all the powers conferred by statute on · himself, and would be required to take an official oath.—Code, § 676. The provisions of the special statute, as to the appointment of a " competent assistant" to attend to the duties of one of the two offices, are superfluous and meaningless, if the powers of the clerk and his assistant are still the same as under the general law. Some meaning must be given to these provisions, and that can only be done by making them supersede the general law, so far as the two differ.—1 Bla. Com. 87, 89. The special statute does not require an official oath to be taken by the assistant, and makes it discretionary with the clerk to require an official bond from him.

H. D. CLAYTON, Jr., *contra.*—The issue of an attachment is in its nature a judicial act.—*Matthews v. Ansley*, 31 Ala. 20 ; *Matthews v. Sands & Co.*, 29 Ala. 136 ; *Stevenson v. O'Hara*, 27 Ala. 302. A judicial act can only be performed by the person in whom the trust is reposed, while the power to perform a ministerial act may be delegated to another.—*Kyle v. Evans*, 3 Ala. 481 ; *Slater v. Carter*, 35 Ala. 679. All deputy-clerks are required to take an official oath, and all other deputies unless " employed in particular cases only " (Code, §§ 161, 676);

[Joseph v. Cawthorn.]

and this is founded on principles of public policy, as well as express constitutional provisions. The special statute does not expressly dispense with this requirement, and there is nothing in its provisions from which a repeal by implication is to be implied. Such repeal is only allowed in cases of direct repugnancy.—Cooley's Const. Lim. 185 ; 19 Ala. 738 ; 64 Ala. 203, 282 ; 6 Porter, 219 ; 33 Ala. 693.

SOMERVILLE, J.—We are clearly of opinion, that there is nothing to be found in the provisions of the special act of the General Assembly, entitled "An act to regulate the holding of the Circuit Courts of Barbour county," approved February 12, 1879, which dispenses with the necessity of an official oath being taken by the deputy circuit clerk, authorized to be appointed by that act.—Acts 1878–79, pp. 106, 109. The general law provides, that deputy-clerks must take an official oath to support the constitution and laws of the State, before they proceed to act.—Code, 1876, §§ 161, 676, sub-div. 2. This is in accordance with the State Constitution, that an official oath shall be taken by all officers of the three several departments of government. As said in *Chappell v. The State*, 71 Ala. 324, "every instrumentality connected with the administration of the law, is required to be oath-bound. Such has been the law as far back as our knowledge of English jurisprudence extends." So strict is the policy of the law in this particular, that it is made a misdemeanor in this State for "any officer or *deputy*," who is required to take and file an oath of office, to enter upon the duties of his office without first doing so.—Code, 1876, § 4160.

This is the positive exaction of the general law. The special law in question is silent on the subject of oaths. The former includes all deputies. The latter fails to exempt the particular deputy, authorized to be appointed under its provisions. There is, therefore, no repugnancy between them. The point must be conceded to be well taken, that the deputy-clerk, who issued the attachment in question, was required by statute to take an official oath before entering upon the duties of his office.

But it is an error to suppose that his failure to take such oath vitiated the issue of the writ of attachment, or authorized its abatement. The deputy-clerk was an officer *de facto*, beyond all question. The clerk was empowered to appoint him to the office, with full authority vested in him by law to exercise all the powers vested in the clerk himself. The appointment was made, and the deputy was in the daily exercise of his official duties, under color and claim of his office. It has frequently been decided, and it is clear upon principle, that the failure of an officer to conform to some statutory condition, or

[Daily's Adm'r v. Reid.]

constitutional requirement, such as taking an oath, giving bond, or the like, does not remove his *de-facto* character, where he is acting under color of a known and valid appointment or election.—*State v. Carroll* (38 Conn. 449), 9 Amer. Rep. 409.

There is no distinction in law between the official acts of an officer *de jure*, and those of an officer *de facto*. So far as the public and third persons are concerned, the acts of the one have precisely the same force and effect as the acts of the other. The only difference between the two is, that the latter may be ousted from his office by a direct proceeding against him in the nature of *quo warranto*, and the former can not. Their official acts are equally valid. The rule is one which is dictated alike by principles of justice and public policy. It would be a great hardship, if innocent persons were made to suffer by the unknown negligence of officials, who, under color of office, were daily holding themselves out to the public as officers *de jure*. *People v. Staton* (73 N. C. 546), 21 Amer. Rep. 479; *Heath v. The State*, 36 Ala. 273; *Mayo v. Stoneum*, 2 Ala. 390; *Masterson v. Matthews*, 60 Ala. 260; *Sheehan's case* (122 Mass. 445), 23 Amer. Rep. 374; Freeman on Judg. (3d Ed.) § 604; *United States v. Insurance Co.*, 22 Wall. 99.

It is manifest, under the foregoing principles and authorities, that the attachment proceedings were in no wise affected by the failure of the deputy-clerk to take the oath of office, and they were not subject to abatement by plea on this account. If this officer had been a mere usurper, acting without any color of authority, his acts might be void, and such a plea probably be held good. The case of *Lowry v. Stowe*, 7 Port. 483, does not go further than this.

The judgment is reversed, and the cause remanded.