**LUCAS v. BELCHER.     (2 Div. 275.)**

(Court of Appeals of Alabama. Feb. 17, 1925. Rehearing Denied March 17, 1925.)

**1. Officers ⬥110—Ministerial duty may be performed by assistant or deputy.**

Ministerial duty may be performed by assistant or deputy.

**2. Clerks of courts ⬥6—Appointment of deputy or assistant circuit clerk need not be in writing.**

Appointment of deputy or assistant circuit clerk need not be in writing.

**3. Clerks of courts ⬥6—Deputy clerk who does not take oath of office is nevertheless de facto officer, whose acts are valid as to public or third persons.**

Deputy clerk, who has not taken oath of office as prescribed by law, is nevertheless a de facto officer, whose acts are valid as to public or third persons.

**4. Process ⬥18—Issuance of summons held "ministerial duty" imposed upon circuit clerk; "ministerial act."**

The issuance of summons in detinue suit *held* a ministerial duty imposed upon the circuit clerk and one that he could lawfully delegate to an assistant or deputy clerk; for a duty is ministerial when the law, exacting its discharge, prescribes and defines the time, mode, and occasion of its performance, with such certainty that nothing remains for judgment or discretion; and official action, the result of performing a certain and specific duty arising from fixed and designated facts, is a ministerial act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Ministerial Act; Ministerial Duty.]

**5. Clerks of courts ⬥6—Acts of deputy clerk appointed verbally without oath or bond, held acts of de facto deputy clerk.**

Acts of a deputy clerk, appointed verbally by the circuit clerk without exacting oath of office or bond, were acts of a de facto deputy clerk, and as to the public and third persons had the same force and effect as the acts of the circuit clerk would have had.

**6. Jury ⬥25(4)—Striking or quashing affidavit, detinue bond, and writ, held not to excuse defendant from omission seasonably to file demand for jury trial.**

Striking or quashing affidavit, detinue bond, and writ, *held* not to excuse defendant from omission seasonably to file, within Gen. Acts 1915, p. 939, demand for jury trial.

**7. Appeal and error ⬥1074(2)—Overruling of motion for order requiring delivery of property to defendant held harmless, if erroneous.**

In detinue suit to recover mortgaged property, overruling of motion for order requiring delivery of property to defendant *held* harmless, if erroneous, where the mortgage provided that legal title to the property remained in plaintiff while the property was unpaid for, and the court found that defendant had not paid for the property.

Appeal from Circuit Court, Bibb County; S. F. Hobbs, Judge.

Action in detinue by A. D. Belcher against Ben Lucas. Judgment for plaintiff, and defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Lucas, 212 Ala. 579, 103 So. 912.

Jerome T. Fuller, of Centreville, for appellant.

The summons must be issued by the clerk of the court. Code 1907, § 5297; Winnemore v. Mathews, 45 Ala. 449; Stone v. Harris, Minor, 32; Browder v. Gaston & Wellborn, 30 Ala. 677; Costley v. Driver, 45 Ala. 230. Motion to proceed by common-law action should have been granted. Bolling v. Fannin, 97 Ala. 619, 12 So. 59; Mach. Wks. v. Furn. Co., 112 Ala. 488, 20 So. 418; Graham v. Myers, 74 Ala. 434; Henderson v. Felts, 58 Ala. 590; Lightfoot v. Jordan, 63 Ala. 224; McArthur v. Carrie's Adm'r, 32 Ala. 75, 70 Am. Dec. 529.

Lavender & Thompson, of Centreville, for appellee.

A ministerial duty may be performed by an assistant or deputy. Merlette v. State, 100 Ala. 42, 14 So. 562. Appointment need not be in writing. Stewart v. Desha, 11 Ala. 844; Snedicor v. Davis, 17 Ala. 477. The deputy was a de facto officer, and his acts valid as such. Joseph v. Cawthorn, 74 Ala. 411.

RICE, J. This is a detinue suit begun by appellee (mortgagee) against appellant (mortgagor) by summons and complaint filed on March 8, 1922. At the time of filing summons and complaint, appellee (plaintiff in the court below) made affidavit, executed bond, and procured issuance of writ, in purported compliance with the mode prescribed by statute for the institution and prosecution of such proceedings.

Summons was served by the sheriff upon appellant and the writ in detinue executed by taking into possession by the sheriff of the property sued for, on March 11, 1922. Thereafter, still in purported conformity to the statutes, the plaintiff, appellee, upon the execution of a replevy bond was on March 18,

1922, placed in possession of the property sued for, and retained same to the date of trial. The mortgage alleged to be the basis of plaintiff's suit for the possession of the property was introduced in evidence, and, if unpaid, showed the legal title to the property in question to be in the appellee.

On March 31, 1922, appellant appeared specially in the cause and filed a motion in writing to quash the summons and set aside the seizure by the sheriff. The case coming on for trial on August 14, 1922, before the court, without a jury, no jury having been demanded by either appellant or appellee, the trial court overruled appellant's motion to quash the summons and set aside the seizure, whereupon, on that date appellant filed another and separate motion to quash the summons. Upon this motion being overruled by the court, appellant filed a third, and separate written motion to quash the affidavit, the writ of seizure, and the detinue bond. This last-mentioned motion was granted.

All of said motions above set up, in not substantially varying ways, the same grounds, which were, in effect, that the affidavit, the detinue bond, the summons, and the writ, while each and all bearing, in appropriate places the signature of "Robert Thrasher, Clerk" were not, any of them, signed by, or executed before, Robert Thrasher, shown to have been the circuit clerk of Bibb county at the time they were issued, but that the signature of "Robert Thrasher, Clerk" was in each instance placed there by one E. M. Bishop, who, the evidence shows, was verbally authorized thereunto, and who, the evidence further shows, assisted and worked for the regular circuit clerk, Robert Thrasher, during each term of court, and frequently helped him in his office—although the said Bishop had taken no oath, nor given any bond, as a deputy clerk.

Upon appellant's motion to quash the affidavit, detinue bond, and writ being granted, he immediately moved the court to make an order directing appellee (plaintiff) to deliver to appellant (defendant) the property sued for, which had been theretofore and after the institution of the suit placed in plaintiff's (appellee's) possession. This motion was by the court overruled. Appellee's counsel then announced that the suit would proceed as a common-law action, and the trial court, over appellant's objection, after both parties had announced their agreement to plead in short by consent, entered upon the taking of testimony in the cause.

The trial resulted in a finding by the court in favor of the plaintiff (appellee) and against the appellant for the property sued for or its alternate value, which latter was ascertained and declared by the court.

Defendant in the court below brings this appeal and asks that the case be reversed upon a number of grounds; those of which that are stressed, and that we deem material to a determination of the issues, we will proceed to consider.

Probably of major importance in the case is the question of the correctness, vel non, of the court's action in separately overruling appellant's two motions, one to quash the summons and set aside the seizure by the sheriff, and the other to quash the summons in the case. Really the two rulings, in the light of the later action of the trial court, amount to no more than the overruling of appellant's (defendant's) motion to quash the summons.

The uncontradicted evidence shows that Robert Thrasher, at the time of the issuance of the summons in the cause, was the circuit clerk of Bibb county, where the suit was begun; that his office was at Centreville, the county seat, and that there was regularly employed by him a deputy clerk, other than the person affixing the signature of "Robert Thrasher, Clerk" to the papers in this cause. It also shows that on the day the papers were taken out, March 8, 1922, Mr. W. H. Wright, attorney for the plaintiff, called Robert Thrasher, the clerk, over the telephone and asked if E. M. Bishop could issue the detinue papers for him, and that Mr. Thrasher told Mr. Wright that Mr. Bishop could issue the papers; that Mr. Bishop is an attorney at West Blocton, in Bibb county, and that he assisted and worked for Mr. Thrasher, the clerk, during each term of court, and frequently helped him in his office. It appears that the summons, the detinue bond, and the writ, each and all bore in appropriate places the signature "Robert Thrasher, Clerk."

[1, 2] The Supreme Court has laid down certain principles which we think pertinent here to mention. In the first place, a ministerial duty may be performed by an assistant or deputy. Merlette v. State, 100 Ala. 42, 14 So. 562. And, the appointment of a deputy or assistant clerk need not be in writing. Stewart v. Desha, 11 Ala. 844; Snedicor v. Davis, 17 Ala. 477.

[3] A deputy clerk, not having taken the oath of office as prescribed by law, nevertheless is a de facto officer, and his acts are valid so far as the public or third persons are concerned. Joseph v. Cawthorn, 74 Ala. 411.

[4, 5] In Grider v. Tally, 77 Ala. 422, 54 Am. Rep. 65, a ministerial duty is defined to be as follows:

"The duty is ministerial, when the law, exacting its discharge, prescribes and defines the time, mode and occasion of its performance, with such certainty that nothing remains for judgment or discretion. Official action, the result of performing a certain and specific duty arising from fixed and designated facts, is a ministerial act."

Accordingly we hold that issuing the summons in this case was a ministerial duty imposed upon Robert Thrasher, the circuit clerk, and that he could lawfully delegate same to an assistant or deputy clerk. We have seen that this delegation need not be in, writing, and under the evidence in this case, even though E. M. Bishop had taken no oath nor given any bond, it appears that he was authorized by the clerk to issue the papers in question, and that he was acting under that authority when he did so. This caused his acts in the premises to be those of a de facto deputy clerk, and as held in the opinion in Joseph v. Cawthorn, supra, so far as the public and third persons are concerned, his acts had precisely the same force and effect as the acts of the circuit clerk would have had. We therefore hold that the trial court committed no error in overruling either or both of the two motions mentioned.

[6] Appellant complains that there was error to reverse the case in the action of the trial court in proceeding to try the case without a jury after granting his (appellant's) motion to quash the affidavit, detinue bond, and writ of detinue. The summons and complaint were fully served on the appellant on March 11, 1922. Much more than 30 days had elapsed before the case was called for trial. Defendant, appellant, had filed his initial pleading on March 31, 1922, and to the date of trial, August 14, 1922, no demand for a jury trial had been made or filed.

Act approved September 28, 1915, General Acts Ala. 1915, p. 939, provides:

"That in all civil causes at law in the circuit court the issue and question of fact shall be tried by the judge of the court without the intervention of a jury unless a jury trial be demanded in writing by the plaintiff at the commencement of the suit, or by the defendant * * * within 30 days after the perfection of service on him."

We do not apprehend that the quashing of the affidavit, detinue bond, and writ, whether properly or improperly done, we need not here decide, operated in any way to broaden appellant's rights to obtain jury trial, if he desired it. It was the same suit, and striking or quashing the things provided by the statute did not excuse the appellant from having omitted seasonably to file his demand for a jury trial. We therefore hold that there was no error committed by the trial court in trying the case without a jury.

[7] Upon the granting of his motion to quash the affidavit, bond, and writ of detinue, appellant moved the court to make an order requiring appellee to deliver to appellant the property sued for, which was at that time in the possession of the appellee. Whether this motion should have been grant-

ed or not we need not decide, as in the view we take of the case its refusal did not operate to the hurt of appellant.

The mortgage which was introduced in evidence over appellant's objection, but which objection he does not here insist upon, and has waived, showed on its face and provided that so long as it was unpaid the legal title to the property in question was in the appellee. Consequently his possession could not be said to be wrongful, and, in view of the findings of the trial court which we will later consider, the refusal or overruling of appellant's said last-mentioned motion, if error, was error without injury.

We have given careful consideration to every insistence made by appellant and have examined critically the record in the cause. There was much evidence pro and con as to the payment vel non of the mortgage under which appellee was seeking possession of the property sued for.

We find ample evidence in the record to support the judgment of the trial court, and as he had the benefit of seeing and hearing the witnesses testify, we are altogether unwilling to substitute our judgment on the facts for his. We observe no error in the findings of the court on the facts.

The above disposing of all the assignments of error argued on behalf of appellant, and there appearing no reversible error, let the case be affirmed.

Affirmed.