195 So.2d 900

James Rowe **TURNER**

v.

Kathryn Hill **TURNER**.

8 Div. 221.

Supreme Court of Alabama.

Feb. 23, 1967.

Bell, Richardson, Cleary, McLain & Tucker, Huntsville, for appellant.

Watts, Salmon, Roberts & Stephens and Paul L. Millirons, Huntsville, for appellee.

GOODWYN, Justice.

Appeal by the complainant (husband) from a final decree dismissing his bill for divorce filed in the circuit court of Madison County, in equity. The dismissal resulted from the sustaining of the wife's plea setting up a Florida divorce decree in her favor, which she contends is entitled to full faith and credit in Alabama under Article IV, Section 1, Constitution of the United States.

The basic and decisive question presented on this appeal, stated succinctly, is whether a wife, domiciled with her husband in Alabama, can abandon the husband without just cause [1], move to Florida and there acquire a separate domicile so as to give a court in Florida jurisdiction of a suit for divorce brought by the wife—the husband continuing to be domiciled in Alabama and not submitting to the jurisdiction of the Florida court. If so, there is no dispute that full faith and credit must be given in Alabama to a divorce decree rendered in favor of the wife in such suit where, as here, the requirements of procedural

---

1. For purposes of the decision, the husband's charge that the wife left him without just cause, which the wife denies, has been assumed to be true. The issue of just cause has not been decided.

due process have been met. The trial court held, in effect, that the wife could acquire such separate domicile in Florida, thereby giving the Florida court jurisdiction of the wife's divorce suit, and that a divorce decree rendered in such suit is entitled to full faith and credit in Alabama. We concur in that holding and affirm the decree appealed from. See: Atherton v. Atherton, 181 U.S. 155, 21 S.Ct. 544, 45 L.Ed. 794; Bell v. Bell, 181 U.S. 175, 177–178, 2 S.Ct. 551, 45 L.Ed. 804; Hartigan v. Hartigan, 272 Ala. 67, 71–72, 128 So.2d 725; Williams v. State of North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273; Williams v. State of North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, 157 A.L.R. 1366; Ragovis v. Ragovis, Sup., 124 N.Y.S.2d 655; McKie v. McKie, Sup., 72 N.Y.S.2d 798; Boardman v. Boardman, 135 Conn. 124, 62 A.2d 521, 13 A.L.R.2d 295; Epstein v. Epstein, 193 Md. 164, 66 A.2d 381; 24 Am.Jur.2d, Divorce and Separation, §§ 258, 260 and 950; 27B C.J.S. Divorce § 338.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.