243 So.2d 37

J. Richard **CALHOUN**

v.

Lee B. **CALHOUN.**

**3 Div. 28.**

Court of Civil Appeals of Alabama.

Dec. 10, 1970.

Rehearing Denied Jan. 6, 1971.

Richard M. Jordan, Montgomery, for appellant.

Fred Ball, Montgomery, for appellee.

WRIGHT, Judge.

This is an appeal from a decree denying a motion to set aside three decrees of the Montgomery County Circuit Court, in Equity. The basis of the motion is that the decrees are void for lack of jurisdiction as shown on the face of the record. The motion was not filed within thirty days from the rendering of the decrees, but it was long ago established that a decree, void for want of jurisdiction, either of·the parties or cause of action, may be set aside either on motion or by the court, ex mero motu at any time. Capps v. Norden, 261 Ala. 676, 75 So.2d 915. It is further the rule that an appeal will lie from a decree denying such motion. Doby v. Carroll, 274 Ala. 273, 147 So.2d 803; Maner v. Maner, 279 Ala. 652, 189 So.2d 336.

This matter originally came before the circuit court on sworn bill of complaint filed by appellee against appellant seeking a divorce, alimony, custody and support of children. The complaint alleged that appellee and the children were residents of Alabama and that appellant was a non-resident, residing in Wisconsin. It further alleged that appellant had obtained a decree of divorce against appellee in the court in Wisconsin based upon service on appellee in Alabama. Appellee made no appearance in Wisconsin. The Wisconsin decree granted custody of the children to appellee with visitation rights given appellant with the children in Alabama. Support was awarded dependent upon the children being returned to Wisconsin. A copy of the Wisconsin decree was attached to appellee's bill of complaint.

Personal service of the bill of complaint filed by appellee in Alabama was had upon appellant in Alabama on Sunday, April 24, 1966. There was also served at the same time a temporary order rendered ex parte on the sworn bill of complaint. By this order, the court assumed jurisdiction of the mother and children. Appellant was directed not to attempt to visit or communicate with the appellee or the children in Montgomery.

On May 12, 1966, appellant filed a plea in abatement to the bill of complaint as a whole, and to the aspect of the bill seeking custody and support of the children. There was also filed a motion to quash an injunction issued by the court on May 5, 1966. The injunction was issued upon sworn petition and bond after ex parte hearing. Appellant was enjoined from proceeding with a petition and show cause order against appellee set for hearing in the Wisconsin Court, May 25, 1966. Service of the petition and order was directed to be served upon an attorney of record in Birmingham, Alabama, and by registered mail upon appellant at his residence address and at his place of employment. The record does not disclose delivery of any of the registered mail, nor that there was an attorney of record.

The grounds of appellant's plea in abatement were (1) that service of the bill of complaint upon appellant on Sunday was invalid; (2) that the Alabama court was without jurisdiction of the action for divorce because it affirmatively showed that appellant was a non-resident, and that appellee had not been a resident for one year next preceding the filing of the bill; and (3) that the court had no jurisdiction of custody and child support because these matters were under prior adjudication in the Wisconsin court.

Demurrer was filed to the plea and motion to quash. On May 17, 1966, appellee amended her bill of complaint to request alimony, child support and custody pendente lite. Hearing on the request was set for June 7, 1966, with notice to appellant's attorney in Birmingham.

On May 25, 1966, appellee filed a request for citation of appellant for contempt, alleging violation of the restraining order of December 17, 1965. Notice of hearing on June 7, 1966, was served upon appellant's attorney in Birmingham.

Appellant refiled his plea and motion to quash the injunction of May 5, 1966. Appellee refiled demurrer.

At the hearing on June 7, 1966, attorneys for both parties were present. After hearing on the pleadings and oral testimony by appellee on the petition, the matter was taken under advisement by the court. On June 13, 1966, the court rendered a decree. Demurrer was sustained to the plea in abatement. Motion to quash was denied and appellant was given twenty days to plead to the bill of complaint. After noting that counsel for appellant cross-examined appellee on her testimony for child support, the decree directed payment of temporary child support. All other matters were reserved.

The first decree sought to be set aside by appellant's motion is the decree of June

13, 1966. We now consider the matters raised by the plea in abatement as to jurisdiction of the court to enter the decree.

The first ground was that no valid personal service was had upon appellant because he was served with the bill of complaint on a Sunday. We do not agree. "Dies Dominicus non est juridicus"—the Lord's Day is not a court day—is recognized in this state as a maxim of the Common Law. It was stated in Shade v. Shade, 252 Ala. 134, 39 So.2d 785, as follows: "Consonant with the maxim, it is generally declared that except as otherwise prescribed by statute, no judicial proceeding, as distinguished from acts ministerial, can be done or had on Sunday and if so transacted is void." There is no statute in this state forbidding service of a complaint on Sunday.

Although not expressly deciding if service of process on Sunday violated common law, the court in Comer v. Jackson, 50 Ala. 384, said:

"  *   *   *  The Sabbath is sacred for the preservation of the peace and good order of the State; but it is only sacred for sacred purposes. It is very evident that it is not the policy of the law of this State to make the Sabbath an opportunity of escape for an absconding debtor. He whose great name sanctifies the Sabbath for the holy purposes of religion and of morals, also approved its disregard when a proper necessity requires it. If it may be allowed to gather corn and eat it on that day, it may also be found legal, in a proper case, for like reason, to serve a reluctant debtor with process on the Sabbath, who might not be able to be found on Monday, and bring him into court to compel him to pay what he owes.  *   *   *  "

■ We now hold that service of a summons and complaint on Sunday is a ministerial and not a judicial act, and thus is not violative of the Sabbath and common law. Pedersen v. Logan Square State & Saving Bank, 377 Ill. 408, 36 N.E.2d 732; Lucas v. Belcher, 20 Ala.App. 507, 103 So. 909 (cert. denied); Ex parte Belcher, 212 Ala. 597, 103 So. 912.

■ The second ground of the plea, referring to the absence in the bill of complaint of an averment that appellee had been a resident of Alabama for more than one year prior to the filing of the bill of complaint, is not good for two reasons. First: because there had been personal service upon appellant in Alabama. Title 34, Sec. 29, Code of Alabama 1940, as amended by Acts of 1945, does not require any specific period of residency by a domiciled complainant if the non-resident respondent is personally before the court. Sachs v. Sachs, 278 Ala. 464, 179 So.2d 46; Levy v. Levy, 256 Ala. 629, 56 So.2d 344; Maner v. Maner, supra. Second: the bill of complaint, while praying for divorce, also contained averments as to the custody and support of the children, sufficient to invoke the jurisdiction of the court for that purpose. The original order of the court of December 17, 1965, found and accepted jurisdiction only for that purpose. The decree of June 13, 1966, was in fact, only for temporary support of the children.

It has long been settled in this state that a court of equity is the inherent guardian and protector of minor children within its jurisdiction, and no technical requirements of pleading are necessary to invoke such jurisdiction. Stallworth v. Stallworth, 272 Ala. 449, 131 So.2d 867; Butler v. Butler, 254 Ala. 375, 48 So.2d 318; Scott v. Scott, 247 Ala. 598, 25 So.2d 673.

The third ground of the plea in abatement was that the Alabama court had no jurisdiction to render a decree for custody and child support because these matters were being adjudicated in the court in Wisconsin. We cannot agree that such ground is well taken.

The case of May v. Anderson, 73 S.Ct. 840, 345 U.S. 528, 97 L.Ed. 1221, which involved a Wisconsin decree, determined that a court had no power to determine cus-

tody of children not within the state without personal service upon the mother rightfully in custody. The United States Supreme Court there stated that a judgment against a mother as to her rights of custody of her children was a judgment in personam and affected rights far more precious to her than property rights. The following quotation appeared in that case—

"It is now too well settled to be open to further dispute that the 'full faith and credit' clause and the act of Congress passed pursuant to it do not entitle a judgment in personam to extra territorial effect if it be made to appear that it was rendered without jurisdiction over the person sought to be bound. Baker v. Baker, Eccles & Co., 242 U.S. 394, 401, and see 403, 37 S.Ct. 152, 155, 61 L.Ed. 386."

It is a fact that appellee and her children were residents and domiciled in Alabama at the time of the filing of appellant's bill of complaint and the rendering of the Wisconsin decree. Appellee was not personally served in Wisconsin with the bill of complaint. Therefore, the Wisconsin decree as it applied to custody of the children was not required to be given full faith and credit in Alabama. May v. Anderson, supra; Maner v. Maner, supra.

Therefore, we hold the decree of June 13, 1966, was not void.

The next decree alleged void for want of jurisdiction is that of September 1, 1966. That is the decree rendered after default by appellant, by which the court granted appellee a divorce, permanent custody of the children, and held in abeyance permanent support and visitation rights because of being informed there was an agreement on these matters between the parties.

This decree is attacked on the same grounds as previously discussed herein, plus the ground that the Alabama court had no jurisdiction to render a decree of divorce, because the Wisconsin court had previously rendered such decree.

The previous discussion would fully apply to the decree of September 1, 1966, except that we hold that that part of the decree granting appellee a divorce was rendered without jurisdiction, because of the requirements of the full faith and credit clause of the United States Constitution, and is due to be set aside.

The Wisconsin court properly assumed jurisdiction of the marital res on or about October 25, 1965. This was prior to entry of any valid action in Alabama. A decree was entered after proper service under Wisconsin statutes on appellee in Alabama. The decree was for a divorce, final for purposes of appeal, though not between the parties for one year. That decree entered on December 7, 1965, was before the Alabama court as a part of appellee's original bill. It appears on its face to be a regular and binding decree. It is entitled to full faith and credit in the courts of this state insofar as it applied to the marital res. Stallworth v. Stallworth, supra; Turner v. Turner, 280 Ala. 523, 525, 195 So.2d 900; United States Constitution, Article IV, Section 1.

The Wisconsin decree is divisible as is the Alabama decree. Avery Freight Lines, Inc. v. Persons, et al, 250 Ala. 40, 32 So. 2d 886; Eule v. Eule, 9 Wis.2d 115, 100 N.W.2d 554. The Wisconsin court had prior jurisdiction over the marital res of the parties and it rendered a decree prior to the action in Alabama. The Circuit Court of Montgomery County, though having jurisdiction over the parties through personal service, was prohibited from assuming jurisdiction over the marital res which had already been validly assumed, and decree rendered, in Wisconsin. Ex parte Burch, 236 Ala. 662, 184 So. 694; Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279.

The last decree charged to be void is that of November 14, 1969. By this decree, rendered upon petition of appellee, the court granted substantial monthly and annual sums to appellee as support and maintenance for the children.

As previously stated herein, the decree of September 1, 1966, held in abeyance a decision as to support because of an agreement of the parties. Appellee's supplemental petition for support in 1969, alleged that the amount of the agreement was not sufficient under changed requirements of the children. Any question of fact as to needs of the children or ability to pay the amount ordered is not before us on this appeal. The decree alleged void was not appealed from nor was motion to set aside or rehearing made within thirty days of rendition of the decree.

■ It is the contention of appellant that this decree is void for the same reasons applied to the other two. This has been answered. It is appellant's further contention that it is void for failure of notice of the petition and hearing thereon, and thus for want of due process.

Appellee's petition was filed October 6, 1969. In addition to allegations previously mentioned and prayer for support, it requested a hearing and that notice thereof be given appellant by service upon Ira Dement, appellant's attorney of record, who though unable to practice before the court because of appointment as United States District Attorney, had not withdrawn as attorney of record. It was further requested that service by registered mail be had upon appellant in North Carolina where he resided.

The court set the hearing for November 14, 1969, and by its order, directed service thereof upon Ira Dement, appellant's attorney of record, and upon appellant by registered mail.

The record discloses that Mr. Dement was served by the sheriff of Montgomery County with a copy of the petition and order of hearing. The record further shows that service by registered mail upon appellant was returned refused.

The court in its decree stated that service was had upon Mr. Dement, as appellant's attorney of record, and that the court had been informed by letter from appellant's attorney that Mr. Dement had forwarded the notice to appellant, that appellant thus had notice of the hearing, and the court had jurisdiction to render a decree. The letter referred to in the decree was not made a part of the record. The question presented is—did appellant have sufficient notice of the hearing and opportunity to appear and defend requisite to constitutional requirements of due process of law?

We would first state that there are no statutory requirements as to method or means of service or notice upon hearing of a supplemental petition in equity, where the court has previously obtained jurisdiction of the party by personal service. The only requirement is one of due process. There is no question that the court could enter a decree against appellant for child support, having previously obtained jurisdiction by personal service in the same action, after notice, either personal, substituted or constructive. Equity Rule 11(, Campbell v. State, 242 Ala. 215, 5 So.2d 466; Quill v. Carolina Portland Cement Co., 220 Ala. 134, 124 So. 305; 24 Am.Jur. 2d, Divorce and Separation, Section 852.

Did appellant have notice sufficient for due process?

Service upon Ira Dement, standing alone, would not in our opinion have been sufficient. We have searched the record and Mr. Dement does not appear therein in any capacity, much less attorney of record. Our Supreme Court has defined an "attorney of record" as * ,* * "an attorney who has filed an appearance or pleading in the cause and is therefore presumed to have authority to bind his client by acceptance of service." Maner v. Maner, supra. Words and Phrases, Attorney of Record.

Ira Dement was not appellant's attorney of record according to the record. In fact, the record discloses he could not legally be an attorney of record. The termination of the attorney-client relationship terminates the presumed agency. The attorney-client

relationship, if it ever existed, terminated when Dement became United States District Attorney.

The second method of notice directed by the court upon appellant was by registered mail. The return receipt shows "Refused." This does not necessarily mean it was refused to be accepted by the addressee. In the absence of record proof, appellant was not shown to have been given notice by registered mail. Thus the two methods designated by the court for giving notice to appellant apparently failed—but did they?

We do not think so. The decree is a part of the record. It indicates Mr. Dement, though not required to do so, did forward notice to appellant.

We have previously stated there is no statutory requirement for method of notice of such petition and order of hearing as here presented. Reasonable notice to satisfy requirements of due process is sufficient. 62 A.L.R.2d 547. There is a great difference in service of original process and the giving of notice of a supplemental petition in a continuing action.

The court in its decree stated it was informed and was satisfied that actual notice was received by appellant, and that jurisdictional requirements were fulfilled.

The motion to set aside the decree for lack of jurisdiction filed more than thirty days after the date of such decree is a collateral attack. Capps v. Norden, supra. In a collateral attack on the decree of a court of general jurisdiction, recital of a finding of jurisdiction in the decree, imports verity, unless contradicted by other portions of the record. Ex parte Tanner, 219 Ala. 7, 121 So. 423; Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417.

The basis of the motion of appellant was that the decree is void on the face of the record. The decree is a part of the record and it recited facts from which a finding of jurisdiction was made. Appellant has not even traversed that finding by denying that he received reasonable notice of the petition and hearing thereon.

In absence of denial and proof to the contrary, we presume the finding of the circuit court of jurisdiction of appellant through actual notice to be correct. The decree of November 14, 1969, is not void. The court did not err in denying a motion to set it aside.

The court below is directed to enter a decree setting aside that portion of its decree of September 1, 1966, granting a divorce to appellee, more specifically, Paragraphs 1 and 3 thereof.

Affirmed in part, reversed in part and remanded with directions.