WRIGHT, Presiding Judge.
This is a child custody case requiring application of the Parental Kidnapping Prevention Act of 1980 (28 U.S.C.A. § 1738A (West Supp.1982)) and the Uniform Child Custody Jurisdiction Act as enacted in Florida and Alabama (Fla.Stat.Ann. §§ 61.-1302-.1348 (West Supp.1982); §§ 30-3-20 to -44, Code of Alabama 1975 (Supp.1982)).
The wife, Kathy Dean, had resided in Alabama all of her life when she met her husband, Marvin Dean, on a visit in Florida. Marvin Dean had resided in Florida all of his life. The two were married in Grove-land, Florida, on or about January 13, 1979. During the brief marriage, the parties were apparently separated more than they were together.
About March of 1979, Kathy left her husband Marvin and returned to her mother’s residence in Alabama. She remained in Alabama about four or five weeks and returned to her husband in Florida. In May of 1979 she again went to Alabama for about six weeks, and then returned to Florida. Sometime in June or July of 1979 she returned to Alabama. On December 24, 1979, Michael Len Dean, the only child of the marriage, was born in Alabama.
Kathy returned to Florida to live with her husband on February 2, 1980. Kathy and Michael Len remained with Marvin for some five and one-half months. On July 15, 1980, Kathy returned to Alabama with Michael Len and remained.
In August 1980 Marvin petitioned the Circuit Court of Lake County, Florida, for divorce and temporary and permanent custody of the child. Filed with his petition were the required declaration under the Uniform Child Custody Jurisdiction Act and a financial affidavit. Copies of the filing were personally served on Kathy on August 14, 1980, by the sheriff of Marshall County, Alabama. Notice of the hearing on the petition for temporary custody of the child, to be held September 19, 1980, was also personally served on Kathy on August 25, 1980, by the Marshall County Sheriff’s Department.
On September 2, 1980, Kathy’s attorney filed a motion to dismiss the petition or to decline jurisdiction of the custody determi *731 nation. On September 9, 1980, the attorney withdrew the motion. Temporary custody of Michael Len Dean was awarded to Marvin on November 24, 1980, by the Lake County Circuit Court. Kathy did not appear at that hearing.
On April 28, 1981, Marvin’s attorney sent Kathy notification of the final hearing to be held May 13, 1981, by certified mail. The letter was returned as undeliverable. Kathy did not appear at the hearing. On May 27, 1981, the Lake County Circuit Court entered judgment granting the divorce and awarding permanent custody of the child to Marvin.
On October 9, 1981, Marvin petitioned the Circuit Court of Marshall County, Alabama, for custody of Michael Len by enforcement of the Florida decree. Kathy answered, alleging that the Florida court’s judgment was void for failure of notice and void with respect to the granting of permanent custody under the Uniform Child Custody Jurisdiction Act (hereinafter UCCJA) because Florida was not the home state of the child. Kathy cross-petitioned for modification of the decree to grant permanent custody of the child to her. After hearing the court held Florida to be the child’s home state and directed that the Florida judgment be given full faith and credit under the Parental Kidnapping Prevention Act of 1980 (hereinafter PKPA).
Thereafter Kathy moved for a new trial, contending that Florida was not the child’s home state. The motion was overruled. Kathy filed a second motion for a new trial and submitted her affidavit stating that when she had returned to Alabama in May or June of 1979, she had done so intending to permanently reside in Alabama. The court denied the motion, but found that it had erroneously determined that Florida was the child’s home state. However, it held that even without the element of home state, the Florida court had jurisdiction to enter its judgment of custody under the PKPA. Kathy appealed and retained custody of Michael Len.
Kathy first questions the Florida court’s jurisdiction contending that under May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953) and Calhoun v. Calhoun, 46 Ala.App. 381, 243 So.2d 37 (1970), in personam jurisdiction is necessary for a valid determination of child custody. She relies on Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878), contending the Florida judgment invalid because she was neither served with process within Florida’s state limits nor appeared voluntarily. Full faith and credit is not due a judgment of child custody if the court did not have in personam jurisdiction of the mother. May v. Anderson, supra.
The jurisdiction of the courts of Alabama, and of Florida, in child custody matters is governed by the UCCJA and the PKPA. Prior decisions of the courts of this state imposing jurisdictional requirements inconsistent with the provisions of those acts are overruled.
One of the stated purposes of the UCCJA is to:
“(3) Assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state”;
§ 30-3-21, Code 1975. Certainly the maximum-contacts approach of the UCCJA is consistent with modern due process requirements. It is not necessary under the UCCJA that a parent be served with process or notice of a pending action while within the state’s boundaries. Service of proper notice outside the acting state’s boundaries does not offend current due process standards. See International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
Before a valid custody decree can be issued under the UCCJA, reasonable notice and opportunity to be heard must be given each contestant. § 30-3^24, Code *732 1975; Fla.Stat.Ann. § 61.131. The PKPA contains a similar requirement. 28 U.S. C.A. § 1738A(e). It is undisputed that Kathy received personal service of the divorce' complaint and of the notice of the hearing on temporary custody. Kathy did not answer the complaint nor appear at the hearing. Under Florida law, a default judgment could have been entered against her, though it appears not to have been done. See 31 Fla.Stat.Ann. § 1.500. After the original service, where there has been no answer or appearance, no further service is necessary unless new or additional claims are asserted. Id. See also 30 Fla.Stat. Ann. § 1.080. The original complaint notified Kathy that Marvin was seeking temporary and permanent custody of the child; no new claims were asserted thereafter by Marvin. Kathy received adequate notice under Florida law to subject her to the Florida court’s jurisdiction.
The court below revised its final judgment and ruled that Florida was not the home state of Michael Len Dean. “Home state” is defined as:
“the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as parent for at least six consecutive months or, in the case of a child less than six months old, the state in which the child lived from birth with any of the persons mentioned.”
Fla.Stat.Ann. § 61.1306. The definition in the PKPA is essentially the same. 28 U.S. C.A. § 1738A(b)(4). The evidence in this case substantiates the trial court’s finding that Florida was not the child’s home state. In fact, it appears from the evidence that no state was the child’s home state at the time of the commencement of the original proceeding.
Though finding that Florida was not the child’s home state, the court nevertheless held Florida had jurisdiction to award custody under 28 U.S.C.A. §§ 1738A(c)(l), (c)(2)(B). Kathy contends that holding was error.
According to the PKPA:
“(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—
(1) such court has jurisdiction under the law of such State; and
(2) one of the following conditions is met:

(B)(i) it appears that no other State would have jurisdiction under subpara-graph (A), and (if) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State other than mere physical presence in such State, and (II) there is available in such State substantial evidence concerning the child’s present or future care, protection, training, and personal relationship....”
Id. Alabama must give full faith and credit to a divorce decree rendered in Florida if the court had jurisdiction under Florida’s UCCJA and if the requirements of the PKPA are met. Because the PKPA preempts the UCCJA in areas of conflict, jurisdictional questions in interstate custody matters are decided by reference to the PKPA. U.S. Const. art. 6, cl. 2; Flannery v. Stephenson, 416 So.2d 1034 (Ala.Civ.App.1982).
A finding by the court below that no other state had home-state jurisdiction, the first requirement of (c)(2)(B), is substantiated by the evidence. The PKPA next requires that the state’s assumption of jurisdiction be in the child’s best interest because: (1) there is a “significant connection” between, the state and the child, and at least one contestant; and (2) there is “substantial evidence” available in the state concerning the child’s present or future care, protection, training and personal relationships. At the time of the commencement of the original proceeding, Marvin and Kathy’s child, Michael Len, had spent five and one-half of his seven months of life in the state of Florida. Kathy had cared for him there, and there, was more *733 evidence there than anywhere else concerning the child’s care, protection, training, and personal relationships. Marvin had resided there most of his life, and it was the marriage domicile. It was in the best interest of the child that Florida decide the custody issue. Therefore the Florida court had jurisdiction under the PKPA, and its judgment is due full faith and credit by the state of Alabama.
Appellant also claims as error the lower court’s denial of her cross-petition for modification of the Florida judgment. Under the PKPA, no valid child custody determination may be made by a state while another state has continuing jurisdiction over the matter. 28 U.S.C.A. § 1738A(f)(2). According to the PKPA:
“The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or any contestant.”
28 U.S.C.A. § 1738A(d). Florida continues to be the residence of Marvin Dean; therefore Florida has continuing jurisdiction of this matter and Alabama is without jurisdiction to modify the Florida court’s decree. Kathy may seek modification in the Florida court.
Appellant also contends that it was reversible error for the trial court to overrule her objections to Marvin’s failure to submit the affidavit required by § 30-3-29, Code 1975, with his petition to the Alabama court. The proper affidavit had been filed with the petition in the Florida court. The trial court properly ruled that the case was governed by the PKPA, and that the affidavit was not required thereby. To impose that requirement upon an otherwise valid custody determination would preempt the federal statute.
Finally, appellant contends the trial court was in error in overruling her objection to the admission of the Florida court’s file into evidence. Appellant contends that the file was not properly certified under § 12-21-70 of the Code. Section 12-21-70 has been superseded in civil trials by Rule 44, A.R.Civ.P. § 12-21-70, Code 1975, code commissioner’s note. Rule 44 requires only that an official record be evidenced “by a copy attested by a person purporting to be the officer having the legal custody of the record, or his deputy.” Rule 44, A.R.Civ.P. The eighteen exhibits in this case constituting the Florida court’s file were accompanied by a certificate which substantially follows the Alabama form. See 2 C. Lyons, Alabama Practice § 44.5 (1973). It is attested by the deputy of the clerk of the court. Furthermore, each document is stamped as being filed in the Lake County Circuit Court. Accordingly, the requirements of Rule 44 were met and the exhibits were properly admitted.
The judgment of the trial court is due to be affirmed. The case is remanded to the circuit court of Marshall County for enforcement of the Florida decree.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.