CRAWLEY, Judge.
Following eight years of marriage, Lisa Lindsey Biggers (the “wife”) filed a com *595 plaint for divorce against James Larry Big-gers (the “husband”), alleging incompatibility. The wife requested custody of their minor child, child support, and a division of property. The husband filed a motion to dismiss, alleging that the Alabama court did not have personal jurisdiction over him because of a separation agreement entered in North Carolina. The trial court ruled that it did have personal jurisdiction over the husband, and eventually entered a judgment of divorce; however, the trial court reserved all other issues for determination by the courts of North Carolina. The wife appeals.
The wife argues on appeal that the trial court erred in reserving the issues of child custody, child support, and the division of property for a determination by the courts of North Carolina. The husband did not cross-appeal.
The parties were married in Charlotte, North Carolina, in June 1985. The husband served in the United States Marine Corps, and the parties resided in various locations. In July 1993, the parties separated, and they entered into a separation agreement in Charlotte, which provided for custody, child support, and a property division. The wife moved to Alabama with their child shortly after she entered into the agreement. The husband now resides in South Carolina, where he is attending law school with nonresident status. His legal residence is North Carolina. Their minor child attends school in Alabama and has completed one full grade in Alabama. The husband filed for a divorce in North Carolina after the wife had filed in Alabama.
The separation agreement states:
“Each party hereby submits himself or herself to the jurisdiction of the courts of the State of North Carolina in any future action brought by either of them to enforce the provisions of this agreement.”
This provision is unambiguous; it clearly provides that the parties have agreed to submit to the jurisdiction of North Carolina to enforce the provisions of the separation agreement. This provision, by its terms, does not provide that the parties will submit themselves to the jurisdiction of North Carolina courts in a divorce action.
It is undisputed that the wife has lived in Alabama for more than six months; therefore, an Alabama court has jurisdiction over the divorce action. Ala.Code 1975, § 30-2-5. The trial court ruled that it had in personam jurisdiction over the husband, and .the husband did not appeal that ruling. Once the court has in personam jurisdiction over the parties in a divorce action, it may not reserve issues which are “incident to this divorce proceeding.” Crommelin-Monnier v. Monnier, 638 So.2d 912, 916 (Ala.Civ.App.1994).. The husband’s filing of a divorce complaint in North Carolina after the wife’s filing in Alabama does not defeat the jurisdiction of the Alabama court. Calhoun v. Calhoun, 46 Ala.App. 381, 243 So.2d 37 (1970).
Therefore, we conclude that the trial court erred in reserving the issues of property division, alimony, child custody, and child support for the courts of North Carolina, because the trial court had in personam jurisdiction over the parties.
Each party’s request for an attorney fee is denied.
REVERSED AND REMANDED.
THIGPEN and YATES, JJ., concur.
ROBERTSON, P.J., and MONROE, J., dissent.