## SMITH v. ROBINSON.

1. Where in an action by the indorsee against the indorser, the declaration alledges that after the note became due and payable according to its tenor, to wit, on, &c. the note was duly presented for payment; though the time stated under the *videlicet* was a day previous to the maturity of the note, yet the generality of the declaration will control it, and be held sufficient.

2. Where the writ in an action against several indorsers of a note is served on one only, it is competent for the plaintiff to proceed against him and discontinue as to the others.

3. It is allowable for a court to set aside a non-suit at the term at which it is rendered, though no notice was given to the defendant that a motion would be made for that purpose.

4. In an action against an indorser, it is competent to render a judgment final by default, without the intervention of a jury.

5. Where a promissory note is dated at "Macon," and "payable at either of the banks in Macon," it cannot in the absence of an allegation or proof be intended that "Macon" is in another State, so as to devolve upon the plaintiff the necessity of proving the rate of interest abroad; especially as there is a county and perhaps several villages called "Macon" in Alabama, though there is no *incorporated bank* in either.

6. Where leave is given to file a declaration upon setting aside a non-suit, if one is found in the transcript, corresponding with the cause of action indorsed on the writ, it will be presumed to have been filed previous to the rendition of the judgment.

7. Where a judgment in an action on a demand ascertained by writing is for more than principal and interest, it will be corrected in the primary court on motion, or by the supreme court at the cost of the plaintiff in error.

Writ of Error to the Circuit Court of Barbour.

THIS was an action of assumpsit at the suit of the defendant in error as indorsee, against the plaintiff in error as indorser of a promissory note dated at *Macon*, 27th March, 1838, " payable at either of the banks in Macon," eight months after date. A judgment by default was rendered against the defendant below.

J. E. BELSER, for the plaintiff in error, cited Minor's Rep. 5, 77, 125; 1 Stew. Rep. 412; 1 Stew. & Por. Rep. 247; 2 Porter's Rep. 286; 4 Id. 415, 423; 9 Id. 511; 1 Ala. Rep. 74; 3 Ala. Rep. 741; 5 Id. 633.

COLLIER, C. J.—It is assigned for error—1. That the demand of the note and protest for non-payment were made previous to the maturity of the note. 2. That the suit being discontinued as to all the defendants but the one on whom the process was served, it operated a discontinuance of the action. 3. It was irregular to render a judgment by default after the defendant's appearance. 4. The judgment of nonsuit should not have been set aside without a notice to the defendant. 5 The judgment should not have been rendered without the intervention of a jury; but if this was permissible, the damages are larger than the cause of action warrants. 6. No judgment should have been rendered without a declaration.

1. The declaration alledges that after the note became due and payable according to its tenor, to wit, &c. the note was duly presented for payment, &c. It is true that the day alledged under a *videlicet* states that the presentment was made at a time when it was not payable, yet the general allegation that payment was duly demanded at its maturity, is quite sufficient; what follows is mere surplusage, and is controlled by it. *Utile per inutile non vitiatur,*

2. The writ issued against several defendants, and was returned " not found" as to all of them, but the one against whom the plaintiff declared. This is clearly authorized by our statute ; it has been the unvarying practice thus to proceed, and has been sanctioned by this court as often as the question has arisen.

3. It is shown by the record, that the defendant appeared and moved the court to require the plaintiff, who was alledged to be a non-resident, to give security, but he interposed no plea, nor did he appear when called to gainsay the plaintiff's demand of judgment. This assignment then is not sustained by the record.

4. It was a matter within the discretion of the court to set aside the non-suit, at the same term at which it was entered, and being discretionary, it was altogether regular to act without first giving notice to the defendant, or requiring him to show cause against it. The non-suit might have been set aside in despite of every objection the defendant could have urged against it, and it cannot be assumed, from the want of a notice that the plaintiff was prejudiced.

5. It was clearly competent for the circuit court, without the intervention of a jury to have rendered a final judgment by default. The failure of the defendant to appear and defend, impliedly admitted the due presentment of the note for payment, and notice to the defendant. This point has been repeatedly so ruled, and is not now open to disputation.

The note does not indicate in what State " Macon," (the place where it is made and dated,) is situated, nor does the declaration contain any allegation on this point. True, it is "*payable at either of the banks in Macon,*" and if by this we are to understand incorporated institutions for the purpose of dealing in money, exchange, &c. it might be safely assumed that the place of payment was *extra territorium;* as we have no such bank at a place bearing that name in this State. But we cannot intend that " Macon" is in one of the sister States, or in a foreign country, upon an inspection of what appears in the record before us. We know that we have a county of that name, and perhaps several villages. In this uncertainty of the record, we cannot conclude *judicially*, (however we may suppose the fact to be,) that the place

of payment is not in this State, and cannot know that by "*banks*" something else was not intended than the term usually imports. There was no necessity for submitting the case to the jury, as upon writ of inquiry to estimate the interest due according to the law of some other country, not indicated by the record. It devolves upon the plaintiff to show affirmatively the error of which he complains—all allowable presumptions are against him.

6. Upon setting aside the non-suit, the court gave the plaintiff leave to file a declaration, and finding one in the transcript adapted to the cause of action indorsed on the writ, we must presume that it was filed previous to the rendition of judgment.

If the damages assessed are for a larger sum than the principal, and interest of the note declared on, the judgment will be here corrected at the costs of the plaintiff in error—in all other respects it must be affirmed.