BLUNT *vs.* BATES.

[ACTION ON PROMISSORY NOTE, BY PAYEE AGAINST MAKER.]

1. *Presumption in favor of judgment.*—Where the bill of exceptions purports to set out all the evidence that was introduced in the court below, the appellate court will only make such intendments or presumptions in favor of the judgment, as might have been made by the court below, or by the jury under its instructions, on the facts stated.

2. *United States internal-revenue stamp on promissory note.*—Under the United States " stamp act" of 1863, (U. S. Statutes at large, 39th congress, 143,) it is not necessary that an internal-revenue stamp should be affixed to a promissory note executed in a foreign country, and payable generally, in order to make it admissible in evidence;

Blunt v. Bates.

and if it was executed at any place within the United States, at which no collection district was at that time established, a stamp might be affixed to it, by "any party having an interest therein ", at any time prior to the 1st January, 1867; and in the latter case, the cancellation of the stamp is not necessary.

3. *Attorney's authority to affix stamp to note.*—An attorney-at-law, in whose hands a note is placed for collection, has such an interest therein by virtue of his general authority, as authorizes him to affix an internal-revenue stamp to the note, when necessary to protect the interests of his client; and such act on his part will be presumed to have been authorized, until repudiated by his client.

4. *United States statutes in Alabama in* 1864.—There was no collection district for the United States internal revenue established in this State in 1864, nor were any of the statutes of the United States at that time actually in force in this State.

APPEAL from the Circuit Court of Perry.
Tried before the Hon. JAMES COBBS.

THIS action was brought by Robert Bates, against Edward A. Blunt; was founded on a promissory note, which was described in the complaint, as "made by said defendant on the 1st day of February, 1864, and payable one day after date, with interest thereon from date "; and was commenced on the 22d October, 1865. The record does not show what pleas were filed; but the judgment-entry states, that the cause was tried on issue joined. " On the trial ", as the bill of exceptions states, " the plaintiff offered to read in evidence to the jury the cause of action sued on ; which was a promissory note, made and signed by the defendant, and dated the first day of February, 1864, in the sum of $6,210.68, and contained no United States internal-revenue stamp ; to which the defendant objected, as being allowed to go to the jury as evidence, because the said promissory note contained no internal-revenue stamp ; which objection the court overruled, and allowed the plaintiff's attorney to place the necessary stamps required by law on the said note; to which ruling of the court, the defendant, by his counsel, at the time excepted. Thereupon, the plaintiff's attorney, after placing the said internal-revenue stamps on the said promissory note, without having cancelled the same in any manner whatever, proceeded to read the said promissory note as evidence to the jury in the cause, the gen-

eral objection of the defendant thereto being overruled ; to which the defendant, by his counsel, at the time excepted. This was all the evidence in the cause; and the court thereupon charged the jury, if they believed the evidence, to find for the plaintiff, for the amount of said note, with interest thereon to the present time ; to which charge the defendant, by his counsel, at the time excepted." The several rulings of the court to which, as above stated, exceptions were reserved, are now assigned as error.

LOCKETT & BRAGG, and VARY & JOHNSTON, for appellant· MOORE & BROOKS, *contra.*

(No briefs have come to the hands of the reporter.)

BYRD, J.—The main question in this cause is, whether the court below erred in allowing a promissory note, made in February, 1864, as described in the complaint, to be introduced in evidence to the jury, without being stamped, and the stamp cancelled. If it was admissible, the charge of the court is correct ; for it fully met the requirements of *the rule,* that the plaintiff must prove substantially the allegations of the complaint, to entitle himself to a recovery.

The bill of exceptions purports to set out all the evidence introduced on the trial of the cause, and it must, therefore, be considered as all that was introduced on the trial to the court or jury. No presumptions, therefore, can be indulged, to sustain the rulings of the court. This court can only make such intendments and presumptions as the court below, or the jury under the instructions of the court, were authorized by law to make, from the facts contained in the bill of exceptions.

Whether the note introduced in evidence was made in the United States, or out of them ; whether in the State of Alabama, or beyond its limits, or whether in a State where there was no collection district established at the time it was made, or not, are all questions capable of solution by evidence.

Was the note admissible in evidence ? The appellant

contends that it was not, and that the court should have. excluded it from the jury, on the ground that the note was not stamped, and the stamp cancelled, as required by the laws of the United States; and further, that the presumption of law is, that the note was executed in a State where there was a collection district established at the date of its execution.

It seems that the cause was tried on the general issue, which devolved on the plaintiff the necessity of making out a *prima-facie* case, in order to entitle him to a verdict and judgment. The introduction in evidence of the note to the jury, under such an issue, makes out such a' case.

But it is said the court erred, under such an issue, in allowing the note to be read in evidence without a proper stamp and cancellation thereof. Without deciding whether the appellant has properly raised the question that no stamp was *affixed* to the note, under the phrase that it "contained no internal-revenue stamps," so as to avail himself of an objection to the note for the want of a proper stamp, we will proceed to discuss the question as though it was sufficiently made in the court below.

Under the stamp act, if the note was made in the United States, it was the duty of the maker, at the time it was executed, to stamp it, and cancel the stamp; and upon his failure, the payee was authorized, in certain cases, to do so. If the note was made in a foreign country, payable generally, then it was unnecessary to stamp it to give it validity. If it was made in the United States, in a place where no collection district was established at the time it was made, then, any party having an interest therein might affix the proper stamp thereto, prior to the 1st January, 1867.—U. S. Statutes at large, 39th congress, 143.

An attorney has a lien on the papers placed in his hands by his client, for the payment of his fees.—*St. John v. Deindorf*, 12 Wendell, 261; Story on Agency, § 383. He therefore has an interest in the note sued on, by virtue of the lien which the law confers. It would seem from the authorities that an attorney-at-law, to whom a note is delivered for collection, has the power, under the authority thus conferred, as a general rule, to do all acts which the

client could do, necessary to protect his right, and which are beneficial to him; and such acts will be presumed to be authorized, until repudiated by him.—*Kirksey v. Jones*, 7 Ala. 623; *Pond et al. v. Lockwood*, 8 Ala. 675. This case is not within the influence of any exception to that rule.

The last *proviso*, on page 143, of section 9 of that act, is a provision in favor of any instrument embraced within the letter of that act, and the act to which it is an amendment, and takes them out of the other provisions of both acts. The *proviso* only requires such instruments to be stamped, prior to the 1st of January, 1867; and, if so stamped, makes them as valid to all intents and purposes as if stamped by the collector. The *proviso* does not require the party to *cancel* the stamp; and being a penal statute in part, we must construe it strictly for the protection of the citizen, and, *perhaps*, liberally for the public on a question of revenue *merely*.

If the note was "signed or issued at a time when, and at a place where, no collection district was established," then it was not necessary to cancel the stamp to make the note valid, however it may have been necessary to do so under the regulations of the treasury department for other purposes. If the note was "signed or issued" in this State, in 1864, then there was no collection district established here; and the note being stamped as required by the act, the court did not err in allowing it to be read in evidence. Besides, under the influence of the opinion in the case of *Watson and Wife v. Stone*, delivered at the present term of the court, the laws of the United States were not *actually* in force in this State when the note was made; and therefore the revenue laws, then enacted, could not render void, or invalidate, a note which was made under the circumstances of this one.

The court, under *the facts of this cause*, could have instructed the jury, that the legal presumption is, that the note was "signed or issued" in this State at its date.—*Hargrove v. Smith*, 1 Ala. 801; *Smith v. Robinson*, 11 Ala. 270. But no charge was asked or given on this point, unless it is involved in the charge given.

The party excepting must clearly and affirmatively show

error; otherwise the judgment of the court below must be affirmed.—*Knapp v. McBride et al.*, 7 Ala. 19; *Smith v. Robinson, supra.* If the note was "signed or issued" in a State where there was a collection district established at its date, then there would be much force in the position of appellant; but he fails to show that such was the fact, and the court or jury could not presume its existence, as it would have involved both appellant and appellee in a violation of the law; and this should never be done, when a presumption of innocence can be indulged.

It results that the court below did not err, and its judgment must be affirmed.

NOTE BY REPORTER. —The following opinion was delivered, on a subsequent day of the term, in response to an application for a re-hearing by the appellant's counsel:

BYRD, J.—Since the decision of this cause, the appellant has sued out a writ of error to the supreme court of the United States, and afterward filed an application for a re-hearing in this court. Without considering the effect of these proceedings on each other, and without replying to the positions taken by the counsel for appellant in their argument for a re-hearing, we are satisfied with the result attained in the above opinion. The objection of the counsel of appellant in the court below was, that the "note *contained* no internal-revenue stamps," and that the court "allowed the plaintiff's attorney to *place* the necessary stamps on the said note"; and he now insists that "to place" is not to *affix.* It is sufficient to say, if the words "to place" are not equivalent to the word "affix," they are at least as appropriate as the word "*contained*" used by the counsel in making his objection. We have not decided that the word "contained" raises the question of a failure to stamp.

It seems that the revenue law only declares such instruments void, when issued with intent to defraud; and it is difficult to see how such "intent" could exist on the part of the appellant when he executed the note, or of the appellee

when he received it, when there was no collection district established in this State when the note was executed and received by the parties.

Application refused.