# Rich *v.* Thornton.

### *Attachment for Advances.*

69   473
97   511

69   473
108  646

69   473
125  290

1. *Courts of record; their power over judgments.*—The power of a court of record over its judgments during the term at which they are rendered, is very large; and it rests within the sound discretion of the court to set them aside when satisfied that injustice has been done, or that they have been inadvertently or improvidently rendered.

2. *Same.*—It is not irregular for a court to set aside during the term a judgment rendered by it, dissolving an attachment and dismissing the suit, without notice to the defendant; as it can not be assumed that the want of notice was prejudicial to him, the court having the authority to set aside such judgment despite any objections he could make.

3. *Attachment; rule to show cause why it should not be dissolved.*—An attachment having been issued on a cause of action, for which the issue of the process is not authorized by law, the mode of reaching the irregularity is by a rule for the plaintiff to show cause why the attachment should not be dissolved; and on the hearing of the rule the court should receive evidence showing the real nature and character of the demand sought to be enforced, in support, or for the discharge of the rule.

4. *Exception to rejection of evidence; when can not be sustained.*—An exception to the rejection of evidence can not be sustained, unless it is shown that the evidence was legal and relevant; and if that be not shown, the presumption will be made, if necessary to support the judgment of the lower court, that it was rejected because illegal or irrelevant.

5. *Attachment; refusal to quash not revisable.*—The refusal of the lower court to quash an attachment for defect in the affidavit, is not revisable on appeal.

6. *Evidence; when written instrument self-proving.*—Where the execution of a written instrument, which is the foundation of the suit, is not denied by sworn plea, it is, under the statute, admitted of record by the defendant, and must be received in evidence without proof of its execution.

APPEAL from Cherokee Circuit Court.

Tried before Hon. LEROY F. BOX.

This was an attachment commenced by Robert S. Thornton, the appellee, against J. R. Rich and T. L. Bryant, the appellants; was sued out for the purpose of enforcing the payment of certain advances, which, it is alleged, were made by the appellee to them, to enable them to make a crop, and was levied on part of the crop raised by them. At the Fall Term, 1879, of said court, the Hon JOHN HENDERSON presiding, the appellants moved the court for a rule against the appellee to show cause why the attachment should not be dissolved, on the ground, in substance, that it was not issued upon a cause of action authorizing the issuance thereof; and upon the hearing of the rule, the court dissolved the attachment. At a subse-

quent day of the term, however, the court, without notice to the appellants, on motion of the appellee, set aside its judgment dissolving the attachment, and reinstated the cause on the docket. At the Spring Term, 1881, the appellants moved the court to strike the cause from the docket, on the ground that at a prior term the attachment had been dissolved by the judgment of the court, "and that on the night court closed, to-wit: on the night of the day upon which the judge presiding left the court and county, and after the court had closed for the day, the judge presiding went to the court room, and without notice to defendants, or their counsel, and without their knowledge or consent, reinstated the cause on the docket, and set aside his former judgment." The court overruled the appellants' motion, and they excepted. They thereupon renewed their motion to dissolve on the same grounds, and "offered to introduce evidence in support of the motion, and the court refused to allow the introduction of the same," and thereupon overruled their motion, to which ruling they reserved an exception. The appellants also moved the court to quash the attachment "because of a variance between the affidavit and attachment writ," but the court overruled the motion, and the appellants excepted.

A complaint having been filed, the cause was tried on the plea of the general issue. On the trial the appellee read in evidence, against the appellants' objection, a mortgage purporting to have been executed to him by them, which contained the recitals and declaration required by the statute to create the statutory lien for advances, and to which there was a subscribing witness; and the appellants excepted to the admission of the mortgage in evidence. Other exceptions were reserved on the trial by the appellants, which the opinion of the court renders it unnecessary to set out. There was a judgment for the appellee, founded on verdict, and from that judgment this appeal was taken. The rulings of the Circuit Court above noted are among the assignments of error here made.

WALDEN & SON and J. L. McCONNELL, for appellants.

DENSON & DISQUE, contra.

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—The assignments of error are numerous, but pursuing the practice of frequent observance in this court, we shall notice only those insisted upon in the argument of appellants' counsel.

The power of a court of record over its judgments during the term at which they are rendered, is very large, if not unlimited

It rests within the sound discretion of the court to set them aside, when satisfied that injustice has been done, or that they have been inadvertently or improvidently rendered.—Freeman on Judg. § 90. Resting in the discretion of the court to set aside during the term the judgment dissolving the attachment and dismissing the suit, it was not irregular to act without notice to the defendants. The want of notice, it can not be assumed, was of prejudice to them, as the court could have set aside the judgment despite any objections they could have urged.—*Smith v. Robinson*, 11 Ala. 270.

If an attachment is issued upon a cause of action for which the issue of the process is not authorized by law, the mode of reaching the irregularity is by a rule on the plaintiff to show cause why the attachment should not be dissolved.—*Brown v. Coats*, 56 Ala. 439; *Dryer v. Abercrombie*, 57 Ala. 497. On the hearing of the rule the court should receive evidence in support, or for the discharge of the rule—evidence showing the real nature and character of the demand sought to be enforced by the process. The bill of exceptions recites, that the defendant, to support the motion to dissolve, offered to introduce evidence, which the court refused to receive. The evidence, its nature or character, the facts it tended to prove or disprove, is not stated. Whether it was relevant or irrelevant, primary or secondary, is not shown. The party excepting to the rulings of a primary court, must show by his bill of exceptions, affirmatively, error in the rulings of injury to him. An exception to the rejection of evidence can not be sustained, unless it is shown that the evidence was legal and relevant. If that be not shown, the presumption will be made, if necessary to support the judgment, that it was rejected because illegal, or irrelevant and in consequence illegal.

If there be defects in the affidavit, for which the attachment could be abated, the refusal of the Circuit Court to entertain the motion to quash because of them, is not revisable on error. 1 Brick. Dig. 164, § 153. If there be a variance between the affidavit and writ of attachment, the court was not bound to entertain a motion to quash, based on that ground. Very properly it could have compelled the defendant to resort to a plea in abatement.

The execution of the instrument in writing on which the suit is founded, not having been denied by verified plea; it was properly admitted in evidence, without calling or accounting for the absence of the subscribing witness. In all actions founded on written instruments, if execution is not denied by verified plea, the statute (Code of 1876, § 3036,) declares, they "must be received in evidence, without proof of the execution." The uniform construction the statute has received is, that in the absence

of a verified plea, the fact of execution is not in issue; it is admitted of record by the defendant — *Wimberly v. Dallas*, 52 Ala. 196.

Let the judgment be affirmed.