29 So.2d 121

**COWDY et al. v. HOOD.**

6 Div. 494.

Supreme Court of Alabama.

Jan. 30, 1947.

A. Leo Oberdorfer and Rosenthal & Rosenthal, all of Birmingham, for appellants.

W. Bruce White, of Birmingham, for appellee.

STAKELY, Justice.

This is an appeal from a final decree of the equity court annulling a final decree previously rendered by the same court. Three suits are here involved, (1) a suit in which a judgment by default for $10,000 was rendered, (2) a suit in which the aforesaid judgment was vacated and (3) the present case in which the decree in the second suit was annulled.

On June 27, 1942, a judgment by default for $10,000 was rendered by the Circuit Court of Jefferson County in case No. 6248-X against H. R. Cowdy (one of the appellants) in favor of Lois Eason—now Lois Eason Hood—appellee). According to the record in case No. 6248-X, service was had upon H. R. Cowdy on April 24, 1942. On April 17, 1944, on a bill of complaint in case No. 57047 filed by H. R. Cowdy against Lois Eason in the Circuit Court of Jefferson County, in equity, a decree was rendered annulling the aforesaid default judgment. That decree was rendered on the theory that there had been no service on H. R. Cowdy in case No. 6248-X.

On February 19, 1945, Lois Eason Hood filed a bill in equity in case No. 62558

against H. R. Cowdy to set aside and annul the decree rendered against her in case No. 57047 on April 17, 1944. This last mentioned bill of complaint alleges in substance the following: In case No. 57047 service was had on the respondent on January 26, 1944. On February 19, 1944, the bill was dismissed by order of the court. The decree of dismissal is set out in the bill and shows on its face that the court acted through mistake since the cause was dismissed before the respondent had pleaded and within the time allowed for pleading. On March 17, 1944, on motion of the complainant H. R. Cowdy, the decree of dismissal was set aside and the cause reinstated by decree of the court. On March 23, 1944, a decree pro confesso was entered against Lois Eason. On April 17, 1944, a final decree was rendered in favor of H. R. Cowdy against Lois Eason upon decree pro confesso and testimony, setting aside and annulling the aforesaid default judgment for $10,000 against H. R. Cowdy. The following are the alleged matters which are claimed to make the aforesaid decree of April 17, 1944, subject to annulment: On February 23, 1944, Lois Eason, through her attorney, "filed her demurrers to suit No. 57047." The register returned the demurrer to her attorney the next day with a note attached as follows:

"This case went off on a dismissal on February 19th, therefore, you won't need this demurrer unless the case is reinstated. E. T. Beasley."

The proof showed that either the demurrer was never marked filed by the register or was returned with erasure of the endorsement showing that it was filed. The bill further alleges and the proof shows that the decree of March 17, 1944, setting aside and vacating the decree of dismissal of February 19, 1944, and reinstating cause No. 57047, was made without notice to or knowledge of either Lois Eason or her attorney of record and also that the decree pro confesso of March 23, 1944, in cause No. 57047 and the final decree of April 17, 1944, in cause No. 57047 were likewise rendered without either notice to or knowledge of complainant or her attorney of record. The bill also alleges that complainant has a good and meritor-

ious defense to suit No. 57047 of which she has been unjustly deprived.

The bill in the present case No. 62558 seeks to annul and vacate the decree in case No. 57047 which vacated and set aside the judgment by default for $10,000 in case No. 6248–X. The situation which appears to be complicated can be simplified by going at once to the heart of the inquiry, which is to see whether the action of the court in case No. 57047 in vacating the dismissal decree of February 19, 1944, without notice to Lois Eason or her attorney, is such error as will sustain the decree from which this appeal has been taken. The appellee rests her right to relief in the present case on such lack of notice.

There is no doubt that want of service or other circumstance which renders a decree ineffectual is ground for vacation of the decree by bill in the nature of a bill of review. Jones v. Henderson et al., 228 Ala. 273, 153 So. 214. The bill in cause No. 57047 was served on Lois Eason on January 26, 1944. Within the time allowed for pleading her attorney attempted to file a demurrer. The demurrer was taken from the record because prior to its filing the case had been dismissed. While the case was still within the power and control of the court, the cause was reinstated by the court. Was Lois Eason entitled to notice of the motion to set aside the decree of dismissal and if so was such notice jurisdictional?

We need not consider here whether lack of such notice is an error or irregularity sufficient to reverse on appeal or on other appropriate remedy, if no appeal is provided, for that is not the test. Rochelle v. Rochelle, 237 Ala. 530, 187 So. 451; Winkleman v. White, 147 Ala. 481, 42 So. 411. What we must consider is whether lack of such notice is sufficient to support a bill in the nature of a bill of review. Jones v. Henderson, supra.

We have considered with great care the argument of counsel that lack of such notice is a procedural defect which might be reached on appeal or other appropriate remedy, if no appeal is provided, but is not such a jurisdictional defect as will nul-

lify the proceedings in cause No. 57047 and accordingly support the present· decree. Rich v. Thornton, 69 Ala. 473; Describes v. Wilmer, 69 Ala. 25, 44 Am. Rep. 501 and Smith v. Robinson, 11 Ala. 270, cited by counsel, seem to support their position, although Glass v. Glass, 76 Ala. 368, appears to hold to the contrary. But this does not take into consideration the statute, which counsel have apparently failed to consider, and which is now § 569, Title 7, Code of 1940, the pertinent part of which is as follows:

"When a motion is made to set aside a final judgment or decree, or·the entry of satisfaction thereof for any cause, notice to the party adversely interested, or if he be dead, to his personal representative, is essential; * * *."

■ This statute first made its appearance as § 2866 in the Code of 1886. Section 2866 along with Section 2865 in the Code of 1886 appear to be a rewrite of what was § 3172 in the Code of 1876. It is ' necessary to note that in the present statute, as it is now and as it has been since the Code of 1886, notice of a motion to set aside a final judgment or decree to the party adversely interested, is essential. The three decisions referred to above were all rendered prior to the enactment of the statute as it appears in the Code of 1886 and, therefore, ceased to be the law when such enactment was promulgated. It is of interest that one of the codifiers of the Code of 1886 was Robert C. Brickell, who wrote the opinion in Rich v. Thornton, supra.

■ There is no doubt that the decree of February 19, 1944, dismissing case No. 57047 was a final decree. That final decree according to the record was set aside on motion by the decree of March 17, 1944. This situation brings the case squarely within the influence of § 569, Title 7, Code of 1940. Accordingly there was such jurisdictional defect in the aforesaid lack of notice as will support the present bill of complaint. We point out that we are not here dealing with situations where the court acts ex mero motu but only where it acts on motion. The legislature has seen fit to lay down the law where a motion is made and this is controlling on us.

As a necessary part of the present bill the complainant alleges in substance that she has a meritorious defense to suit No. 57047 and that it is unjust and inequitable for her to be denied a defense in suit No. 57047. Hatton v. Moseley, 229 Ala. 240, 156 So. 546. In effect this means that Mrs. Hood is now claiming that there was service of process on the defendant in case No. 6248–X in which the judgment by default for $10,000 was rendered. The appellants vigorously contend that this issue was tried out in cause No. 57047 and that they should not be put to the trial of this issue again and certainly that the decree in cause No. 57047 should not now. be set aside. The effect of the present decree is to set aside the final decree in 57047 and restore that case to the records of the court for further hearing. This was done on the evidence introduced in the present case, No. 62558.

■ We do not seem to have defined precisely how far the court should extend the inquiry in passing on the merits of the defense claimed in the bill. Murphree v. International Shoe Co., 246 Ala. 384, 20 So.2d 782. According to the record in case No. 6248–X, the return of the sheriff appears in regular order and shows on its face service on H. R. Cowdy on September 24, 1942. That record together with the evidence tending to show that H. R. Cowdy was within the jurisdiction of the court on or about that date, together with the lack of opportunity for cross-examination to which we shall refer, is, we think, sufficient to warrant a full hearing on the issue of that service.

In case No. 57047 the complainant introduced evidence, other than that taken in the present case, tending to show his activities in the State of Florida and that he was living in that state at the time of the alleged service on him in case No. 6248–X. Obviously Mrs. Hood had no opportunity of cross-examining the witnesses presenting that evidence. It cannot be denied that Mrs. Hood is entitled to such opportunity. This is nothing but fair play. Ableman v. Roth et al., 12 Wis. 81, 92.

Accordingly we think that a situation is presented where the court should act as it would if the case is opened to allow new evidence because the testimony of the aforesaid Florida witnesses must be retaken if it is to be used. In this connection this court has pointed out the distinction in procedure in a law court and in an equity court. In the law court the first judgment must be set aside because of the limited powers of a law court in moulding its orders. Banks v. Long, 79 Ala. 319. But in an equity court the first decree is not disturbed, if at all, until the final hearing. In Alexander v. Alexander, 230 Ala. 170, 173, 160 So. 343, 346, this court said:

"The rule in such cases is to first hear the alleged newly discovered evidence and all matters relating to same; and, if produced with proof of other averments touching vigilance, then the trial court, if he finds it newly discovered evidence of probative force, proceeds to hear all the evidence de novo and renders his decree as justice and equity shall demand. The decree sought to be set aside is not disturbed until such full hearing. The rule is different in bills to vacate judgments at law for fraud, etc. * * *."

See also 30 C.J.S., Equity, § 650, p. 1088.

And so we think that the court should proceed in the present case to hear de novo all the evidence on the issue of service vel non in case No. 6248–X and then render its decree after such full hearing. In the meantime, the final decree in case No. 57047 is not disturbed and the decree of the lower court is in this respect correspondingly corrected.

In the case at bar the procedure here approved works to advantage. Before the default judgment in cause No. 6248–X was set aside, an execution was issued thereon and certain land of H. R. Cowdy was levied upon and sold to Mrs. Eason Hood, the plaintiff, for which she received a sheriff's deed. After the default judgment was vacated in cause No. 57047, H. R. Cowdy conveyed his interest in the land to his wife Evelyn Anita Mapes Cowdy.

After the present cause No. 62558 was instituted Evelyn Anita Mapes Cowdy was allowed to intervene. Accordingly by cross-bill she set up her claim to the land under the deed from her husband. When the decree in the present cause was rendered, it included a provision denying, without prejudice, the claim of Mrs. Cowdy. But when the court after full hearing now renders its decree, it can pass on the claim of Mrs. Cowdy, for which purpose the decree of the court is also corrected to show that the cross-bill has been reinstated and is now pending.

The rights, if any, of Mrs. Hood to the land are predicated on an execution sale in cause No. 6248–X, to which cause she is a party. In the event the decree in case No. 57047 is not set aside, then Mrs. Hood has no interest in the land and Mrs. Cowdy will be entitled to relief on her cross-bill which means that she will be entitled to cancellation of the sheriff's deed and the certificate of judgment as a cloud on her title and that she be placed in possession of the land. Vaughn et al. v. Brue et al., 245 Ala. 107, 16 So.2d 17, 150 A.L.R. 668; Marks v. Cowles, 61 Ala. 299.

It is ordered that the costs of this appeal be divided equally between the appellee and the appellants.

The decree of the lower court is corrected in accordance herewith and as so corrected, is affirmed.

Corrected and affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.