41 So.2d 181

### HOOD v. COWDY et al.

6 Div. 874.

Supreme Court of Alabama.

May 13, 1949.

Rehearing Denied June 30, 1949.

472

Smyer & Smyer, of Birmingham, for appellant.

A. Leo Oberdorfer and Rosenthal & Rosenthal, of Birmingham, for appellees.

BROWN, Justice.

This appeal is from the final decree denying complainant relief and dismissing her bill and granting relief to respondents on their cross bill. As ruled here on the first appeal, the bill is a bill in the nature of a bill of review, seeking to set aside a decree of the court in which this bill was filed, granting relief to respondent H. R. Cowdy on his bill in the nature of a bill of review, seeking to vacate, set aside and hold for naught a judgment in an action at law obtained against him in the Circuit Court of Jefferson County, for an alleged aggravated trespass to property and disturbing the plaintiff's business. Cowdy et al. v. Hood, 248 Ala. 635, 29 So.2d 121.

The equity of the bill in that case (No. 57047) was rested on the fact that said judgment for $10,000 was obtained against Cowdy through fraud, accident or mistake unmixed with negligence on the part of the complainant. The mistake alleged in the bill was that Cowdy was a nonresident of the State of Alabama residing in the State of Florida and that he was not served with process in the trespass case. The bill further alleged that he had a meritorious defense to said action. The first decree entered in case No. 57047 dismissed the bill for want of prosecution. Later on Cowdy's motion, without notice to Mrs. Hood, this decree improvidently entered was set aside and thereafter the case proceeded to final decree through decree pro confesso for want of answer. The final decree set aside, vacated and annulled the judgment in the trespass case.

■ If Cowdy was a nonresident of this state on the 24th of April, 1942, and was not served with the summons and complaint in the trespass case while within the jurisdiction of the Circuit Court of Jefferson County, this constituted a good defense to the action. Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Id., 2nd appeal, 176 Ala. 287, 58 So. 262. The action at law was against H. R. Cowdy and George Cowdy, both of whom at one time resided in the City of Birmingham. Before the action was commenced, as the undisputed evidence goes to show H. R. Cowdy moved to and was living in Florida. The great weight of the evidence goes to show that on April 24, 1942, H. R. Cowdy was not in the State of Alabama. George Cowdy continued to reside in Birmingham until his death some year or two later. The return of the sheriff on the summons and complaint in the trespass suit is in the following language:

"Executed this the 24th day of April, 1942, by leaving a copy of the within with H. R. Cowdy. Holt A. McDowell, Sheriff, Jefferson County, Alabama. By L. H. Mason, D. S.

"G. M. Cowdy, not found in Jefferson County this the 19th day of May, 1942, Holt A. McDowell, Sheriff, Jefferson County, Alabama. By L. H. Mason, D. S."

This return is prima facie correct and the burden was on Cowdy to go forward with the evidence and show that he was not served with said trespass summons and complaint while in Jefferson County, in this State.

After full consideration of the evidence in this record, we are of opinion that said return was a case of mistaken identity as to the defendant served and we are in agreement with the conclusions and finding of fact expressed in the decree of the circuit court, "that H. R. Cowdy was not in Jefferson County on or about April 24, 1942, and that he could not have been served with a copy of the summons and complaint in the case No. 6248-X as shown by the return of the sheriff."

The decree dismissing the bill of complaint, therefore, is free from error and will be affirmed.

The appellant, who was the plaintiff in the case No. 6248-X, purchased at the sale under execution and her rights acquired thereunder fall with the vacation of the default judgment. Vaughn v. Brue, 245 Ala. 107, 16 So.2d 17, 150 A.L.R. 668.

The decree granting relief on appellees' cross-bill is also affirmed.

Affirmed.

FOSTER, LIVINGSTON and STAKELY, JJ., concur.