264 So.2d 898

James Raymond WEST

v.

Margaret Jacobson WEST.

6 Div. 142.

Court of Civil Appeals of Alabama.

July 12, 1972.

Bill Fite, Hamilton, for appellant.

Nelson Vinson, Hamilton, for appellee.

WRIGHT, Presiding Judge.

This is an appeal by James Raymond West from a decree of the Circuit Court, in Equity, of Marion County, Alabama. The decree modifies an original decree of divorce rendered February 3, 1961, and holds appellant in contempt for failure to comply with the terms of the original decree.

This phase of the case began with the filing of a verified petition by appellee, Margaret West, on May 20, 1971. The petition, in brief, alleges a decree of divorce was rendered by the court on February 3, 1971; that both parties are residents of Paris, France; that material changes in the circumstances of the parties have occurred since the decree of divorce; that the income of appellant has doubled and now amounts to $50,000 per year; the sum awarded for alimony and support has become inadequate because of inflation; appellant has married a wealthy and famous woman; appellant is in arrears in payments directed in the original decree in the amount of approximately $1,111; an increase in alimony and support is due, together with attorney fees.

A hearing of the petition, together with an order to show cause, was set for July 12, 1971. The register was directed to

serve a copy of the petition and order upon appellant by registered mail. The register certified the sending of a "Copy of the Bill of Complaint and Summons" by registered mail with a demanded return receipt on May 20, 1971. The receipt was returned to the register indicating delivery to addressee on May 24, 1971. It was stamped "filed" by the register on May 28, 1971. The original receipt is before this court as a part of the record. There is handwriting in the space reserved for the signature of the addressee. However, such handwriting is unidentifiable as to content or whether or not it is the signature of the addressee.

Upon failure of appellant to appear or plead, decree *pro confesso* was entered. Deposition of petitioner was taken by an authorized commissioner on September 28, 1971, in New York City and filed in court on October 7, 1971. Final decree was entered on October 7, 1971.

In said decree, the court found that appellant had failed to obey the decree of February 3, 1961, in payment of alimony and support and was in arrears in the sum of $6,269 for which execution was authorized. It further found material changes in circumstances of the parties since the original decree and appellant was directed to pay alimony to appellee until she remarries in the sum of $6,000 per year in equal monthly installments beginning November 1, 1971.

The court further ordered appellant to pay appellee for the support, maintenance and education of the three minor children the sum of $2,400 per child per year, or a total of $7,200 per year, in equal monthly installments beginning November 1, 1971. This sum to be paid until each child completes four years of college or graduate school, except payments for the children would be suspended while they attended college if appellant actually paid all their necessary college expenses.

It further ordered appellant to pay to appellee all necessary medical, dental, hospital and psychiatric expenses incurred for or in behalf of the children. Appellant was directed to pay to appellee a sum equal to the cash surrender value as of the date of the decree of a policy of life insurance in the principal sum of $50,000 which he allowed to lapse after the original decree. There is no determination in the decree of the amount involved in this requirement. However, such sum is required to be paid by appellant in order to purge himself of contempt of court. There was additionally required a payment of $1,500 to the attorney for petitioner as a reasonable attorney fee.

■ The first assignment of error charges failure of service and lack of notice to satisfy due process. Such error is predicated upon the unidentifiable handwriting on the return receipt for registered mail. Appellant argues that because the writing which appears on the receipt in the space reserved for the signature of addressee is not clearly identifiable as the name of appellant there is no proof of notice and thus a lack of due process.

We cannot accept such argument. There is no denial in any form of the fact of notice to appellant. Appellant complains only of the appearance of the return receipt. This is not enough.

There is nothing wrong with the appearance of the return receipt except that appellant contends that the writing indicating receipt by the addressee does not clearly and legibly spell out his name. There is no direct attack on service. There is no denial of receipt or notice. There is no effort or offer to prove that the writing on the receipt is not the writing of appellant.

■ Service, where return is entered, will be presumed unless directly attacked by proof to the contrary. Adams v. Walsh, 200 Ala. 140, 75 So. 888; Hood v. Cowdy, 252 Ala. 471, 41 So.2d 181.

■ In addition, this court held in Calhoun v. Calhoun, 46 Ala.App. 381, 243 So.2d 37, that there are no statutory requirements as to methods or means of service of notice of hearing of a supplemental petition in equity where the court

has previously obtained jurisdiction of the party by personal service. The only requirement in such cases is such notice as will satisfy due process. There is no denial in this case of actual receipt of the petition and/or reasonable notice thereof, but only that the record fails to show service upon the appellant because there is an undecipherable signature upon the receipt. From aught that appears such undecipherable writing was placed there by appellant or by his authority. We do not think such matter may be raised for the first time on appeal.

■ Appellant further contends that there was failure to comply with Equity Rule 5(2) (b). This rule, if applicable to service of a supplemental petition after jurisdiction of the party has been otherwise obtained, has been substantially complied with. The register certified the sending and stamped the date of return of the receipt thereon. Thus the date of service is established in the record. Ex parte Luther, 232 Ala. 518, 168 So. 596.

Appellant has assigned some ten assignments of error contending that the final decree of the court is unsupported by either pleading or proof. We agree with appellant's contention in most of these assignments. We will not discuss these assignments individually because the same fault prevails throughout the decree.

The original decree of divorce sought to be modified after divorcing the parties provides as follows:

"The provisions of the agreement between the parties dated January 19, 1961, are incorporated in this decree as though fully set forth herein. The agreement is ratified and confirmed and the parties are ordered and directed to abide by and carry out the terms of said agreement. The agreement, however, is not merged into the decree but survives same."

The agreement referred to does not appear in the record, either of the original or supplementary proceedings. There is no indication that the same was ever before the court. It was not introduced into evidence in the deposition of appellee, either in the action for divorce or in the supplemental proceedings. There is no indication of what it contained except that it had reference to custody, control, support and maintenance of the children and to maintenance, support and property rights of appellee. It is not shown either in pleading or proof that alimony was provided for appellee, either in payments or in gross, or in what amount or how to be paid. There is no evidence of the amounts agreed to be paid for support, maintenance or education of the children. It is alleged in the petition that appellant was in arrears in payments in the sum of $1,111, but in her deposition appellee testifies he is in arrears in the sum of $6,269. The decree found the arrears to be in such sum.

■■ We are of the opinion that since the record clearly shows that the agreement incorporated in and made a part of the original decree has never been before the court, and there is a total absence of evidence as to its provisions, the court was without any foundation for modification of the original decree or a finding of sums due but unpaid. We do not believe the court can modify a prior decree when its terms are not known to it. We therefore reverse the decree of modification for it is not supported by the evidence or pleading.

We pretermit discussion of other assignments of error related to the decree, except Assignment of Error 13. This assignment relates to the entering of the decree based upon evidence taken solely by deposition without the filing of a note of testimony of submission.

"A note of submission, signed by each party to the submission or his attorney of record, showing the proof upon which he rests his case, shall be filed by the register at the time of a submission for a final decree; and nothing not noted on the note of submission shall be considered by the court. . . ." Equity Rule 57.

■ Compliance with this rule is mandatory. The effect of failure to comply is to render a decree without any testimony to support it. Capps v. Norden, 261 Ala. 676, 75 So.2d 915; Moody v. Myers, 265 Ala. 435, 91 So.2d 686; Martin's Grill Meats, Inc. v. Retail, Wholesale & Department Store Union Local 506, 283 Ala. 584, 219 So.2d 634.

For errors noted, the decree of 7 October 1971, is reversed and the case remanded.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.