This is a postdivorce contempt and modification proceeding. We recite only those facts which are essential to a decision. All dates were in the year 1984.
The parties were divorced on August 1. The plaintiff, Mr. Hayes, filed his verified petition on September 12 for a rule nisi and for a modification of the final judgment. The rule nisi was issued by the trial court on September 14, ordering the defendant former wife to appear at 10:00 a.m. on September 28 to show cause, if any she had, as to why she should not be adjudged to be in contempt of court. The modification aspect was set on the same date. A summons dated September 17 was attached to the petition and rule nisi. The body of the summons stated, in substance, that the defendant's answer must be mailed or delivered to the plaintiff's named attorney within thirty days from the date that the summons and complaint were delivered to her or a judgment by default might be entered against her. Service by certified mail was attempted upon the defendant in Knoxville, Tennessee on September 20, but that mail was returned to the register with the envelope marked "Refused." Without any attempt to comply with either rule 4.2 or 4.3 of the Alabama Rules of Civil Procedure, an effort was then made to serve the defendant by regular mail, apparently under rule 5. The record fails to disclose the date of such mailing.
The defendant did not appear in court in person or by attorney on the trial date of September 28. On October 11 the defendant filed her motion to quash service or, in the alternative, to set aside the entry of a default or of a default judgment against her. Neither her default nor a judgment had been entered as of that date. The factual averments of the defendant's motion to quash were as follows:
 "1. That on or about September 12, 1984 Plaintiff-Petitioner filed with the Court a petition with this Court seeking certain relief in the above-entitled action. *Page 648 
 "2. That service of said petition was sought upon Defendant by certified mail, which said service was attempted by the United States Postal Service upon the person of Defendant's mother who was not authorized to accept service on behalf of said Defendant and who in fact did refuse service of process.
 "3. That on or about September 25, 1984, Petitioner sought service of process upon Defendant by regular mail, which said notice was received by Defendant on the date this matter was set for hearing, September 28, 1984.
 "4. Defendant represents unto the Court that she has not been properly served in accordance with Alabama law and Rule 4.2 and Rule 4.3 ARCP and the Court is without in personam jurisdiction over the person of Defendant to order the relief sought by Petitioner in this Action."[1]
On October 25 the defendant filed a motion to dismiss for lack of subject matter jurisdiction, but no argument upon the merits of that motion is here made. Both of the motions of the defendant were overruled by the trial court on October 29.
The trial court also entered a comprehensive final judgment on October 29. It was recited therein that, "The defendant failed and refused to appear before the Court as ordered in regard to the contempt proceeding and has failed to file any proceeding in opposition to the modification request made by the plaintiff in his petition." Upon consideration of an affidavit of the plaintiff, the trial court held the defendant to be in contempt of court and granted the modification relief sought by the plaintiff.
The defendant appealed and, insofar as the contempt proceedings are concerned, we opt to treat that aspect of the appeal as seeking a writ of certiorari since the defendant is not incarcerated.
 I
In rule nisi matters it is an occasional but not rare occurrence for a clerk or register to use a wrong summons form or to not insert the proper hearing date in a blank in a summons. Consequently, a variance occurs between the trial date as established by the rule nisi and the date that the summons requires the defendant to answer the matter. Such a variance exists in this case — the rule nisi set the hearing on September 28, while the summons clearly stated that the defendant had thirty days from the date that the "summons and complaint" were delivered to her within which to serve a copy of her answer upon the plaintiff's attorney.
A variance between an original notice and a copy served upon the defendant will affect the service if the variance is such as would likely mislead the defendant as to the object of the proceedings. 17 C.J.S. Contempt § 79 (a)(1) (1963). That rationale should here apply as to a variance in the designated times. If any summons is used in an indirect civil contempt case, the summons should accurately state the date that the defendant should appear and show cause, which date should be totally consistent with the hearing date as specified in the rule nisi. However, in those instances where a summons and a rule nisi differ as to that time, the defendant shall have the longer time as stated in the two conflicting instruments in order to appear and show cause and to plead. Of course, if the hearing date is reaffirmed or is changed by the trial court after the defendant has been served with a conflicting rule nisi and summons, the reaffirmed or new date would prevail if due notice of such be aptly given to the parties under rule 5 of the Alabama Rules of Civil Procedure.
Here, the defendant filed two authorized pleadings within the thirty day period as specified in the summons, which set forth the longer of the two designated *Page 649 
times. Therefore, she was not in default in filing her pleadings. Since the conflicting show cause date occurred before the expiration of the thirty days granted by the conflicting summons, she was not in default for her failure to appear on September 28.
 II
The defendant also contends that the service upon her by regular mail was invalid.
Every pleading subsequent to the original complaint shall be served upon each of the parties. That service shall be made upon the attorney of an adverse party if that party is so represented. If a party does not have an attorney or if the attorney's representation of that client has ceased, service must be had upon the party by mailing the pleading, order, or other instrument to the party at his last known address. A.R.Civ.P., Rule 5 (a) and 5 (b). Here, there is no argument over the person served, the argument being that service of process upon her should have been perfected under either rule 4.2 or 4.3 and that service was not so perfected.
Civil contempt proceedings may be served by ordinary mail upon a party under rule 5 (b) since "a civil contempt proceeding is an extension of the main action and jurisdiction need not be reasserted under Rule 4." 4 C. Wright A. Miller,Federal Practice and Procedure § 1145 (1969) (footnote omitted).
In contempt proceedings for failure to comply with a final divorce judgment, it is a desirable practice under rule 5 to serve the defaulting party by mail in addition to mailing a copy to that party's last attorney of record since it is probable that the attorney's employment ceased when the divorce judgment became final or when the last postdivorce proceedings were concluded. Service upon only the attorney or the defaulting party would be adequate if the correct one is served. However, by serving both the party and the attorney by mail, the trial court is not required to rely solely upon the continued representation after judgment by an attorney in order to give validity to the service of such contempt proceedings upon the attorney. Tilghman v. Tilghman, 57 F. Supp. 417 (D.D.C. 1944).
Proper service was had upon the defendant by regular mail under rule 5 since there is no contention that her attorney should have been served rather than the defendant. The trial court did not err in overruling her motion to quash service. The same reasoning which we have given as to the contempt aspect likewise applies as to the modification aspect, for rule 5 service was sufficient for both aspects.
 III
The motion to quash service was filed several days before the entry of the final judgment against the defendant. The final judgment of October 29 is treated by both parties as being a default judgment. Both the overruling of the defendant's motion to quash and the entry of the final judgment happened on October 29. Since the defendant had appeared in the action by means of her two motions and since the case was not set for trial on October 29, she was entitled to a three day notice prior to the entry of any default judgment against her. A.R.Civ.P., Rule 55 (b)(2). No such three day notice was given to her.
However, most able counsel for the plaintiff argues that on September 28, when the defendant failed to appear to show cause, "the trial court then accepted submission of the petition on the affidavit of the plaintiff" and that the instant case falls within the default-on-date-of-trial exception to the three day notice provision in rule 55. But, no default was entered by either the register or by the trial court in any manner in writing on September 28. The plaintiff's affidavit was not dated or signed by the plaintiff until October 10 and the affidavit was not filed in the case until October 29. Therefore, we do not comprehend as to how the affidavit could have possibly been submitted to the trial court on the September 28 trial date. *Page 650 
As we have already stated in section I, she was not in default. We reiterate that no default was entered in any authorized manner against the defendant until October 29, by which time the defendant had appeared and filed two motions. She was entitled to receive the three day notice before the entry of a judgment by default.
For the reasons stated in sections I and III, this case is reversed. Upon remand, the learned trial court shall set aside its final judgment of October 29, shall permit the defendant to file her answer within such reasonable time as the trial court shall specify, and the hearing or trial upon the merits of all aspects of the case may be rescheduled with reasonable notice thereof to be provided to the attorney of record for each party.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.
[1] No argument was presented to the trial court or before us upon appeal that the defendant was deprived of due process in any manner. Accordingly, that question is not determined by us.See Charles Manufacturing Co. v. United Furniture Workers,361 So.2d 1033, at 1037 (Ala. 1978), for due process requirements in constructive contempt cases.