EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a civil contempt-child custody and support modification case.
The father’s petition as filed on January 23, 1987 prayed for and sought only that the mother be placed in contempt of court because she allegedly failed to allow him to have the children visit with him as was authorized by previous judgments. The trial court issued a rule nisi thereon, which commanded the mother to be and appear before the trial court on February 5, 1987 and to then show cause. The clerk attached a summons to the father’s petition and to the rule nisi and served her with those three instruments by certified mail on January 24, 1987. That summons required that the mother’s answer “be mailed or delivered within 30 days” after service was perfected upon her.
On February 5, 1987 the mother did not appear at the scheduled hearing; the trial court heard the testimony of the father, and a judgment was entered which modified previous judgments in the case by awarding custody of the two minor children to the father and by eliminating the obligation of the father to pay child support to the mother. In that judgment the trial court determined that the mother willfully and contemptuously failed to permit the father to exercise his visitation rights with his children, but no punishment of the mother was provided therefor unless the *1042 custody and support modifications be considered to be such punishment.
The mother filed a motion on February 20,' 1987 to set aside the February 5, 1987 judgment. Her motion, as amended, was overruled and denied by the trial court on March 5, 1987, and the mother timely appealed.
The father has moved to dismiss this appeal because certiorari, not an appeal, is the proper method for the review of a contempt proceeding when the party in contempt is not incarcerated. We opt to treat this appeal as including all matters which were adjudicated by the February 5, 1987 judgment. Jones v. Jones, 477 So.2d 448 (Ala.Civ.App.1985). The father’s motion to dismiss the appeal is denied.
Where a summons and a rule nisi differ as to the show cause trial date as established by the rule nisi and the date that the summons requires the defendant to answer the matter, the defendant has the longer time as stated in the two conflicting instruments within which to appear and show cause and to plead. Hayes v. Hayes, 472 So.2d 646 (Ala.Civ.App.1985). Here, the mother was not given the benefit of the longer stated time of thirty days as specified by the summons.
The father’s petition to place the mother in contempt of court contained no averment or prayer that custody or support of the children be modified. Accordingly, the trial court’s judgment which modified the children’s custody and support in the father’s contempt proceedings violated the wife’s due process rights because she had no notice that any such modification would be an issue. Price v. Price, 442 So.2d 121 (Ala.Civ.App.1983). A judgment by default cannot be different in kind or exceed in amount that prayed for in the demand for judgment. Rule 54(c), Alabama Rules of Civil Procedure.
The testimony of the father which was presented before the trial court on February 5,1987 was directed wholly towards his contempt petition, and his testimony totally fails to include any evidence that any change in custody should take place in order to materially promote the best interests of the children, and there is no testimony that the positive good brought about by a custody modification would more than offset the inherently disruptive effect caused by uprooting the children. Ex parte McLendon, 455 So.2d 863 (Ala.1984).
If the mother’s actions violated the father’s visitation rights under a custody order, the proper remedy for such a situation is to punish the mother for her conduct, not to change custody of the children to the father. Calabrisi v. Boone, 470 So.2d 1255 (Ala.Civ.App.1985).
For the above reasons, the learned trial court erred and this cause is reversed. Upon remand, the trial court shall set aside its final judgment of February 5, 1987 and shall allow the mother to file her answer to the husband’s petition within such reasonable time as the trial court shall specify. At the proper time, the hearing or trial upon the merits of the case may be rescheduled with reasonable notice thereof to be provided to the attorney of record for each party. Hayes, 472 So.2d at 650.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.