Although the parties were divorced by the Circuit Court of Elmore County, Alabama in 1979, we shall still refer to them as the "husband" and the "wife" for ease of identification. That trial court subsequently modified the divorce judgment on two or three occasions. In 1985 the wife filed the present proceedings seeking further modification of the divorce judgment by increasing the husband's child support and alimony payments to her. On May 22, 1986 a summons and copy of the wife's petition were served upon the husband by certified mail and he moved to dismiss the petition, alleging that there was a lack of jurisdiction over him. That motion was overruled by the trial court on November 12, 1986. The husband's motion to reconsider that ruling was denied on December 8, 1986. After a protracted trial in June 1987, the trial court increased both child support and periodic alimony payments to the wife. The husband's cross petition to terminate alimony payments to the wife was denied. The husband timely appealed. This appeal was submitted on briefs on March 25, 1988 for our decision.
The husband first contends that the trial court lacked in personam jurisdiction over him.
Both parties resided in Alabama before and during the 1979 divorce proceedings. After the divorce the husband moved to Jacksonville, Florida, where he still resides. The wife moved to Savannah, Georgia in June 1985, and she still lives there with the minor child.
Once a trial court obtains jurisdiction over the parties in a divorce action, the trial court may make subsequent modification of periodic alimony and child support. R. McCurley, Jr. and P. Davis, Alabama Divorce, Alimony and ChildCustody §§ 6-8, p. 56 (1982; Cum.Supp. 1986). After a divorce judgment has been entered, both in personam and subject matter jurisdiction continue as to modification proceedings which are extensions of the original main action. Jurisdiction as to the modification proceedings need not be reasserted under Rule 4 of the Alabama Rules of Civil Procedure. Providing notice of the modification proceedings to the appropriate party by even ordinary mail is adequate. Hayes v. Hayes, 472 So.2d 646
(Ala.Civ.App. 1985). Since in personam jurisdiction over the husband existed in the original divorce action, it carried over to the present modification proceedings but the notice to the husband of those proceedings had to satisfy procedural due process. West v. West, 48 Ala. App. 356, 264 So.2d 898
(Ala.Civ.App. 1972). Here, the husband received a copy of the wife's modification petition by certified mail, although ordinary mail under Rule 5 would have been adequate under West, and the husband exercised his opportunity to be heard thereon. In short, there was a full compliance with procedural due process and adequate compliance with Rule 5. As in Hayes, no issue is here made that the husband's attorney was not mailed a copy of the wife's modification petition. We agree with the trial court that it had in personam jurisdiction over the husband in these modification matters.
On June 8, 1987 the husband filed a notice that he would take the depositions of six witnesses on June 12, 1987 in Chatham County, Georgia. The wife's attorney received a copy thereof on June 8, 1987. The depositions were taken in Savannah, Georgia on the scheduled date without the wife or her counsel being present. On June 17, 1987 the wife filed a motion to strike the depositions on the ground that her counsel was not given sufficient notice prior to the depositions being taken. At the conclusion of the trial on June 17, 1987, the husband offered the depositions into evidence. The wife's attorney objected on the same grounds as specified in the motion to strike. The trial court continued the matter until July 1, 1987, at which time both attorneys presented their argument as to that evidentiary matter. The trial court sustained the wife's objection to the introduction into evidence of the depositions. *Page 372 
That ruling is the second issue raised by the husband's able counsel.
Reasonable written notice must be given to every other party by the party desiring to take any person's deposition. Rule 30(b)(1), A.R.Civ.P. Admissible portions of a deposition "may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof." Rule 32(a), A.R.Civ.P. "All errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving notice." Rule 32(d)(1), A.R.Civ.P. The trial court is vested with broad discretion with respect to whether reasonable notice of the taking of a deposition was given by the party taking it to the other party. Ex parte Armstrong, 412 So.2d 772 (Ala. 1982). We find no palpable abuse of that discretion in the ruling in this case.
We affirm.
The husband shall pay $750 to the wife's attorney for representing her in this court on this appeal.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.