PITTMAN, Judge.
The marriage of Lauren P. Chapman (“the mother”) and Jason Scott Bunch (“the father”) — from which one child was born to the parties on July 12, 1992 — was dissolved by the Marshall Circuit Court in December 1993; custody of the child was awarded by that court to the mother. In April 2011, just before the child attained the age of 19 years, the mother filed a petition in that court to modify that judgment, seeking an award of postminority educational support for the child pursuant to the holding in Ex parte Bayliss, 550 So.2d 986 (Ala.1989); the mother averred that she and the child were both residents of Louisiana. The father filed a motion to dismiss for lack of subject-matter jurisdiction, averring that he had resided in Tennessee since 1997 and that the mother and the child had resided in Louisiana since at least 2007. In his motion, the father relied upon § 205 of the Uniform Interstate Family Support Act (“UIFSA”), which Alabama has codified at § 30-3A-205, Ala. Code 1975, for the proposition that the trial court had lost subject-matter jurisdic *785 tion to modify the support provisions of the divorce judgment because neither party nor the child remained in Alabama. The trial court entered a judgment granting the father’s motion to dismiss and thereafter denied a postjudgment motion filed by the mother attacking the correctness of that judgment; the mother then appealed to this court.
The mother contends on appeal that the trial court retained subject-matter jurisdiction to modify the support provisions of its 1993 divorce judgment, citing Hall v. Hall, 524 So.2d 370 (Ala.Civ.App.1988),[1] and Ex parte Carstens, 728 So.2d 128 (Ala.1998), as supporting the proposition that an Alabama trial court has continuing subject-matter jurisdiction to modify monetary obligations previously established by that court in a divorce judgment. However, the legal landscape in existence at the time that the modification petitions were filed in Hall (1985) and Carstens (1997) was drastically changed by Alabama’s adoption of UIFSA, which applies to proceedings initiated on or after January 1, 1998. See Ala.Code 1975, § 30-3A-905(a).
UIFSA provides, in pertinent part:
“A court of this state issuing a support order consistent with the law of this state has continuing exclusive jurisdiction over a child-support order:
“(1) as long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or
“(2) until all of the parties who are individuals have filed written consents with the court of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.”
Ala.Code 1975, § 30-3A-205(a). The Official Comment to UIFSA § 205 states that, “if all the relevant persons — the obligor, the individual obligee, and the child — have permanently left the issuing state, the issuing state no longer has an appropriate nexus with the parties or child to justify exercise of jurisdiction to modify”; further, “the issuing tribunal has no current information about the factual circumstances of anyone involved, and the taxpayers of that state have no reason to expend public funds on the process.” Ala. Code 1975, § 30-3A-205, Official Comment; accord Lattimore v. Lattimore, 991 So.2d 239, 243 (Ala.Civ.App.2008) (holding that, under UIFSA, Alabama courts may modify an Alabama child-support order “only if the obligor, the obligee, or the concerned child affected by that order reside in the state and all the parties who are individuals have not filed written consent for the tribunal of another state to exercise jurisdiction over the child-support order”).
In this case, unlike in Lattimore (in which we reached a contrary conclusion), there is neither any contention nor any indication in the record that any party to this case remains an Alabama resident. Under the circumstances presented, the trial court correctly dismissed the mother’s petition to modify. The judgment of dismissal is therefore affirmed.
AFFIRMED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.

. We note that because the appellant in Hall did not contest the subject-matter jurisdiction of the trial court in that case (see 524 So.2d at 371), any pronouncement in our opinion to the effect that subject-matter jurisdiction necessarily continues as to modification proceedings based upon the proposition that such proceedings are ‘‘extensions” of the original divorce action amounts to mere dicta.